IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:10CR522 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | **UNITED STATES' PROPOSED** |
| ALEX D. COOK, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |

The United States of America respectfully request the jury be charged with the following instructions.  The government further requests leave to offer such other instructions as may become appropriate as a result of trial.


Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney


/s/ Thomas O. Secor
Thomas O. Secor
Assistant U. S. Attorney (#0019852)
Four Seagate, Suite 308
Toledo, Ohio 43604
(419) 259-6376; (419) 259-6360 (facsimile)
E-mail:Thomas.Secor@usdoj.gov

-2-

/s/ Gene Crawford
Gene Crawford
Assistant U. S. Attorney (#0076280)
Four Seagate, Suite 308
Toledo, Ohio 43604
(419) 259-6376; (419) 259-6360 (facsimile)
E-mail:Gene.Crawford@usdoj.gov

-3-

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

### General Principles - Introduction

(1)  Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)  I will start by explaining your duties and the general rules that apply in every criminal case.

(3)  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(4)  Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)  Please listen very carefully to everything I say.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.01, 2005 Revised Edition.

– 4 –

**Jurors' Duties**

(1)  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)  Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[(3)  The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.]

(4)  Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.02, 2005 Revised Edition.

−5−

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)  As you know, the defendant has pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)  Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)  This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)  The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)  Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt,

– 6 –

say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty

verdict.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.03, 2005 Revised Edition.

– 7 –

**Evidence Defined**

(1)  You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)  The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

(3)  Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)  During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)  Make your decision based only on the evidence, as I have defined it here, and nothing else.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 1.04, 2005 Revised Edition.

–8–

**Consideration of Evidence**

(1)  You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.05, 2005 Revised Edition.

–9–

**Direct and Circumstantial Evidence**

(1)  Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)  It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.06, 2005 Revised Edition.

-10-

**Credibility of Witnesses**

(1)  Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)  Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

-11-

[(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)  These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.07, 2005 Revised Edition.

-12-

**Number of Witnesses**

(1)  One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.08, 2005 Revised Edition.

-13-

**Lawyers' Objections**

(1)  There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)  And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 1.09, 2005 Revised Edition.

-14-

**Defining the Crime and Related Matters** - **Introduction**

(1)  That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)  But before I do that, I want to emphasize that the defendant is on trial for only the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved each crime charged.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2.01, 2005 Revised Edition.

–15–

**Separate Consideration–Single Defendant Charged With Multiple Crimes**

(1) Mr. Cook has been charged with three crimes.  The number of charges is not evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that Mr. Cook is guilty of that particular charge.

(2)  Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2.01A, 2005 Revised Edition.

-16-

**On or About**

(1)  Next, I want to say a word about the dates mentioned in the indictment.

(2) Count 1 of the indictment charges that the crime happened "from in or about May, 2010, and continuing until on or about September 5, 2010."  Count 2 of the indictment charges that the crime happened "on or about June 22, 2010."  Count 3 of the indictment charges that the crime happened "on or about September 15, 2010."  The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to  those dates.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2.04,  2005 Revised Edition

-17-

**Inferring Required Mental State**

(1) Next, I want to explain about proving a defendant's state of mind.

(2) Ordinarily, there is not way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence to show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.  It is up to you to decide what facts to find from the evidence received during this trial.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2.08, 2005 Revised Edition.

-18-

**Charges as set forth in the Indictment**

(1)  Defendant ALEX D. COOK is charged with one count of receipt of visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(2); one count of distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and, one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

(2)  The indictment charges the offenses as follows:

COUNT 1

The Grand Jury charges that:

Beginning in or about May of 2010, and continuing until on or about September 15, 2010, in the Northern District of Ohio, Western Division, ALEX D. COOK, did knowingly receive one or more visual depictions that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, the production of such visual depictions having involved the use of minors engaging in sexually explicit conduct (as defined in 18 U.S.C. Section 2256(2)), and such depictions being of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(2).

COUNT 2

The Grand Jury further charges that:

On or about the 22nd day of June, 2010, in the Northern District of Ohio, Western Division, ALEX D. COOK, did knowingly distribute one or more visual depictions that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, the production of such visual depictions having involved the use of minors engaging

-19-

in sexually explicit conduct (as defined in 18 U.S.C. Section 2256(2)), and such depictions being

of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(2).

<u>COUNT 3</u>

The Grand Jury further charges that:

On or about the 15th day of September, 2010, in the Northern District of Ohio, Western

Division, ALEX D. COOK, did knowingly possess at least one matter which contains any visual

depiction that had been shipped and transported using any means and facility of interstate and

foreign commerce, the production of such visual depiction involved the use of a minor engaging

in sexually explicit conduct, and such visual depiction was of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

.

<u>Authority</u>:  Superseding indictment filed April 6, 2011, <u>United States v. ALEX D. COOK</u>,
        Case No. 3:10 CR 522 (USDC ND Ohio).

-20-

**Charging Statute - Receiving and Distributing Material Involving Sexual Exploitation of Minors - Section 2252(a)(2)**

(1)  The statute which is alleged to have been violated in Counts 1 and 2 is Title 18,

United States Code, § 2252(a)(2).  As is relevant here, that statute provides that:

(a) A person who --

(2)     knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce . . . if —

(A) the producing of said visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct,

shall be guilty of a criminal offense against the United States.


Authority:

18 U.S.C. § 2252(a)(2) - The Statute - Certain Activities Relating to Material Involving the Sexual Exploitation of Minors.

-21-

**Elements of Offense - Receiving and Distributing Material Involving Sexual Exploitation of Minors  - 18. U.S.C. §2252(a)(2)**

(1)  Title 18, United States Code, Section 2252(a)(2), makes it a Federal crime or offense for any person to knowingly receive or distribute any visual depiction that has been shipped or transported in interstate or foreign commerce by any means, including by computer, if the production of such visual depiction involved the use of a real minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

(2)  Mr. Cook can be found guilty of that offense only if all of the following elements are proved beyond a reasonable doubt:

(A)  First:      That Mr. Cook knowingly received or distributed a visual depiction;

(B)  Second:   That such visual depiction was shipped or transported in interstate or foreign commerce by any means, including by computer;

(C)  Third:     That the production of such visual depiction involved the use of a real minor engaging in sexually explicit conduct;

(D)  Fourth:    That such visual depiction is of a minor engaging in sexually explicit conduct; and

(E)   Fifth:     That Mr. Cook knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

(3) Now I will give you more detailed instructions on some of these terms.

-22-

(A) To receive a visual depiction means to take possession of it.  This includes the knowing acceptance of a depiction previously requested.  Receiving includes the downloading of a photograph or video by means of the Internet.

(B) To distribute means to disseminate or transfer possession to another person.

(C)  A "visual depiction" includes any photograph, film, video or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

(D)  The government must prove that the defendant received or distributed the depiction knowingly.  An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

(E) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

-23-

Authorities:

18 U.S.C. § 1030(e)(1) (defining computer);

18 U.S.C. § 2256(5) (defining visual depiction);

Pattern Criminal Jury Instructions, U.S. Eleventh Circuit Judicial Council, Instruction 75.2 (2003);

1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions (Criminal), § 17.04 (6th ed. 2008) (knowingly);

3 L. Sand, et al., Modern Federal Jury Instructions (Criminal), ¶ 62.02 at Instruction 62-14 and 62-15 (Receiving, Distributing, Knowingly);

United States v. Brown, 25 F. 3d 307 (6th Cir. 1994) (§ 2252(a)(2) incorporates a scienter requirement as to the character of the materials involved).

−24−

**"Minor" and "Sexually Explicit Conduct" -- Defined**

(1) The term "minor" means any person under the age of eighteen (18) years.

(2)  "Sexually explicit conduct" means actual or simulated:

(A)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B)     bestiality;

(C)     masturbation;

(D)     sadistic or masochistic abuse; or

(E)     lascivious exhibition of the genitals or pubic area of any person.


<u>Authorities</u>:

18 U.S.C. § 2256(1), (2) (defining minor and sexually explicit conduct);

Pattern Criminal Jury Instructions, U.S. Eleventh Circuit Judicial Council, Instruction 75.2 (2003).

-25-

The Government must prove that the pornographic images in this case depicted real children under the age of 18 years.  You may rely on your observations and judgment in evaluating the images to determine whether they depict real children under the age of 18 years. The Government need not present expert or other testimony on whether the children are in fact real children as opposed to, say, youthful adults or computer generated images of children.  The Government also need not present expert or other testimony on the ages of the children depicted. Rather, the Government may meet its burden of proving the pornographic images depict real children under the age of 18 years by presenting the images to you the jury and allowing you to evaluate the images for yourselves.

Source: *United States v. Farrelly*, 389 F.3d 649 (6th Cir. 2004).

-26-

**Lascivious Exhibition - Defined**

(1)  Not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a picture or image of the genitals or pubic area constitutes such a lascivious exhibition requires a consideration of the overall content of the material.  It is for you to decide the weight or lack of weight to be given to any of the following factors.

(2)  You may consider such factors as:

(A) whether the focal point of the picture or image is on the child's genitals or pubic area:

(B) whether the setting of the picture or image is sexually suggestive, that is, in a place or pose generally associated with sexual activity;

(C) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor;

(D) whether the child is fully or partially clothed, or nude;

(E) whether the picture or image suggests sexual coyness or a willingness to engage in sexual activity; and

(F) whether the picture or image is intended or designed to elicit a sexual response in the viewer.

(3)  Of course, a visual depiction or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

-27-

Authorities:

Pattern Criminal Jury Instruction, U.S. Eleventh Circuit Judicial Council, Instruction 75.2 (2003);

United States v. Campbell, 81 Fed Appx. 532, 536-37 (6th Cir. 2003) (applying Dost factors to defendant's images);

United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986) (explaining term "lascivious exhibition");

United States v. Amirault, 173 F.3d 28, 31-32 (1st Cir. 1999) (citing Dost; factors are "neither comprehensive nor necessarily applicable in every situation ... [T]here may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition.");

United States v. Arvin, 900 F.2d 1385 (9th Cir. 1990) (interpreting definition of "lascivious" found in 18 U.S.C. § 2256(2)(E) for purposes of § 2252; adding to other Dost factors whether picture portrays the minor as a sexual object and the caption on the picture);

 United States v. Rahl, 270 F.3d 709 (8th Cir. 2001).

-28-

**Interstate Commerce -- Defined**

(1)  The term "interstate or foreign commerce" means the movement of property from one state to another state, or from one state to another country, or from another country to a state. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

(2)  The phrase "transported in interstate or foreign commerce" means that the visual depiction or image, at any time, traveled or moved between one state and another state, or between a foreign country and a state.  Evidence that an image was produced in a state other than Ohio, or in a foreign country, is sufficient to prove that the visual depiction or image has been transported in interstate or foreign commerce.

(3) Evidence that a visual depiction or image was transmitted or received electronically by a computer connected to the Internet is sufficient to establish that the visual depiction or image was transported or moved in interstate or foreign commerce.  It is for you to determine if [the material containing] the visual depiction had been transmitted or received over the Internet or was produced using materials that had been transmitted or received over the Internet.

(4)  It is not necessary for the government to prove that the defendant transported [the material containing] the visual depiction in interstate or foreign commerce.  It is not necessary for the government to prove that the defendant knew that [the material containing] the visual depiction had moved in interstate or foreign commerce.  It is sufficient that the government prove that at some point [the material containing] the visual depiction traveled in interstate or foreign commerce.

-29-

<u>Authorities:</u>

18 U.S.C. § 10 (defining interstate and foreign commerce);

Manual of Model Criminal Jury Instructions for the Eighth Circuit, Instruction 6.18.2252A(2) (2007);

<u>United States v. Thomas</u>, 74 F.3d 701, 706-07 (6th Cir. 1996) (finding interstate commerce element in 18 U.S.C. § 1465 satisfied where pornographic material sent via Internet).

<u>United States v. Runyan</u>, 290 F.3d 223, 239 (5th Cir. 2002) (for purposes of 18 U.S.C. § 2251, transportation of photographs via Internet constitutes transportation in interstate commerce (citing <u>United States v. Carroll</u>, 105 F.3d 740, 742 (1st Cir. 1997));

<u>United States v. White</u>, 2 Fed. Appx. 295, 298 (4th Cir. 2001) (in case under 18 U.S.C. § 2252A, holding that defendant's use of Internet service provider to access a newsgroup from which he downloaded and viewed child pornography constituted transportation in interstate commerce);

<u>U.S. v. Schaffner</u>, 258 F.3d 675 (7th Cir. 2001) (§ 2251(a) prohibiting sexual exploitation of child for purposes of visually depicting such exploitation, and transporting visual depiction across state lines was permissible exercise of Congress' Commerce Clause powers);

<u>United States v. Carroll</u>, 105 F. #d 740, 742 (1st Cir. 1997) ("Transmission of photographs by means of Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce");

<u>United States v. Smith</u>, 47 M.J. 588, 592 (1997) (addressing 18 U.S.C. § 2252, holding that transmission of information via Internet is in interstate commerce).

-30-

**Essential Elements of § 2252(a)(4)(B) - Defined**

A.    <u>Charge:</u>

(1) Defendant ALEX D. COOK is charged in Count 3 of the Indictment with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B).

(2) In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(A) First, that the defendant knowingly possessed photographic computer files which the defendant knew contained visual depictions of real minors engaged in sexually explicit conduct;

(B) Second, the defendant knew the visual depictions contained in the photographic computer image files showed minors engaged in sexually explicit conduct;

(C) Third, the defendant knew that production of such visual depictions involved the use of a minor in sexually explicit conduct; and

(D) Fourth, that the visual depictions had been either:

a) mailed, shipped or transported in interstate or foreign commerce, or

b) produced using material that had been mailed, shipped or transported in

interstate or foreign commerce by computer or other means.

(2) I have already defined for you the terms "visual depiction," "minor," "knowingly," and "sexually explicit conduct," and you should refer to those instructions.

(3) "Producing" means producing, direction, manufacturing, issuing, publishing, or advertising.

-31-

B.      Authority:

Model Criminal Jury Instructions for the District Courts of the Ninth Circuit (2010),

Section 8.185.

-32-

**Possession**

(1) Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the child pornography for you to find him guilty of this crime.  The law recognizes two kinds of possession – actual possession and constructive possession.  Either one of these, if proved by the government is enough to convict.

(2) To establish actual possession, the government must prove that the defendant had direct physical control over the child pornography, and knew that he had control of it.

(3) To establish constructive possession, the government must prove that the defendant has the right to exercise physical control over the child pornography, and knew that he had this right, and that he intended to exercise physical control over the child pornography at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5) But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the child pornography, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2.10, 2005 Revised Edition.

-33-

**First Amendment Does Not Protect Child Pornography**

(1)  You are instructed that the First Amendment of the United States Constitution does

not protect visual depictions of a minor engaged in sexually explicit conduct as charged in the

indictment.

<u>Authorities</u>:

<u>New York v. Ferber</u>, 458 U.S. 747, 761 (1982) (child pornography is outside the scope of
the First Amendment);

<u>Osborne v. Ohio</u>, 495 U.S. 103, 110-11 (1990) (upholding prohibition on private
possession of child pornography for same reasons, among others, set forth in <u>Ferber</u>).

-34-

**<u>Special Evidentiary Matters</u>** -  **Introduction**

(1)  That concludes the part of my instructions explaining the elements of the crimes.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 7.01, 2005 Revised Edition.

-35-

**Defendant's Election Not to Testify or Present Evidence**

(1)  A defendant has an absolute right not to testify [or present evidence].  The fact that he did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)  Remember that it is up to the government to prove Mr. Cook guilty beyond a reasonable doubt.  It is not up to him to prove that he is innocent.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 7.02A, 2005 Revised Edition.

-36-

## 7.20 STATEMENT BY DEFENDANT

(1) You have heard evidence that the defendant, ALEX D. COOK, made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made the statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2) You may not convict the defendant solely upon his own uncorroborated statement or admission.

**Committee Commentary 7.20**
(current as of February 15, 2011)

Paragraph (1) is based on *Jackson v. Denno*, 378 U.S. 368 (1964) and 18 U.S.C. § 3501(a), the latter of which states that "the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."  Most circuits include a similar pattern instruction, including the First, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits.

Paragraph (2) is based on *United States v. Adams*, 583 F.3d 457 (6th Cir. 2009) and *United States v. Marshall*, 863 F.2d 1285 (6th Cir. 1988).  In *Adams*, the court reversed the conviction and remanded for a new trial because the district court erred in refusing to instruct the jury that it could not find defendant guilty solely on the basis of his uncorroborated confession.  The court noted that based on *Marshall*, the established law in the circuit is that this instruction is required even though the record includes some evidence that tends to corroborate the statements.  *Adams*, *supra* at 469-70, *quoting Marshall*, *supra* at 1288.  *See also United States v. Brown*, 617 F.3d 857, 862-63 (6th Cir. 2010) (giving several examples of sufficient corroboration) and *United States v. Ramirez*, 635 F.3d 249 (6th Cir. 2011).  The purpose of requiring corroboration is "to ensure the reliability of the confession or admission of the accused."  *Brown*, *supra* at 862, *quoting United States v. Trombley*, 733 F.2d 35, 37 (6th Cir. 1984).  *See generally Smith v. United States*, 348 U.S. 147 (1954) and *Opper v. United States*, 348 U.S. 84 (1954).

-37-

**Defendant's Testimony (ALTERNATIVE)**

(1)  You have heard the defendant ALEX D. COOK testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)  You should consider those same things in evaluating the defendant's testimony.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 7.02B, 2005 Revised Edition.

-38-

**<u>Deliberations and Verdict - Introduction</u>**

(1)  That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)  The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)  One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.


<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 8.01, 2005 Revised Edition.

-39-

**Experiments, Research and Investigation**

(1)  Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)  For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)  Make your decision based only on the evidence that you saw and heard here in court.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 8.02, 2005 Revised Edition

-40-

**Unanimous Verdict**

(1)  Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)  To find Mr. Cook guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)  To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)  Either way, guilty or not guilty, your verdict must be unanimous.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 8.03, 2005 Revised Edition.

-41-

**Duty to Deliberate**

(1)  Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 8.04, 2005 Revised Edition.

-42-

**Juror Notes**

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 8.10, 2005 Revised Edition

-43-

**Punishment**

(1)  If you decide that the government has proved Mr. Cook guilty, then it will be my job to decide what the appropriate punishment should be.

(2)  Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)  Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 8.05, 2005 Revised Edition.

– 4 4 –

**Verdict Form**

(1)  I have prepared a verdict form that you should use to record your verdict.  The form

reads as follows:  _____.

(2)  If you decide that the government has proved the charge against Mr. Cook beyond a

reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If

you decide that the government has not proved the charge against him beyond a reasonable

doubt, say so by having your foreperson mark the appropriate place on the form.  Each of you

should then sign the form, put the date on it, and return it to me.


<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 8.06, 2005 Revised Edition.

-45-

**Verdict Limited to Charges Against This Defendant**

(1)  Remember that Mr. Cook is only on trial for the particular crimes for which he was charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 8.08, 2005 Revised Edition.

-46-

**Court Has No Opinion**

(1)  Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 8.09, 2005 Revised Edition.

-47-

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:10CR522 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX D. COOK, | ) | **VERDICT FORM - COUNT 1** |
| | ) | |
| | ) | |
| Defendant. | ) | |

We, the jury in this case, having been duly impaneled and sworn, do hereby find

the defendant, ALEX D. COOK, _____ (enter "guilty" or "not guilty") of the

offense receipt of visual depictions of real minors engaged in sexually explicit conduct, as

charged in Count 1 of the Superseding indictment, in violation of 18 U.S.C. § 2252(a)(2).

1._____
     FOREPERSON

7._____

2._____

8._____

3._____

9._____

4._____

10._____

5._____

11._____

6._____

12._____

-48-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:10CR522 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX D. COOK, | ) | **VERDICT FORM - COUNT 2** |
| | ) | |
| | ) | |
| Defendant. | ) | |


        We, the jury in this case, having been duly impaneled and sworn, do hereby find

the defendant, ALEX D. COOK, _____ (enter "guilty" or "not guilty") of the

offense distribution of visual depictions of real minors engaged in sexually explicit conduct, as

charged in Count 2 of the Superseding indictment, in violation of 18 U.S.C. § 2252(a)(2).


1._____
        FOREPERSON

2._____

3._____

4._____

5._____

6._____

7._____

8._____

9._____

10._____

11._____

12._____

-49-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:10CR522 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX D. COOK, | ) | **VERDICT FORM - COUNT 3** |
| | ) | |
| | ) | |
| Defendant. | ) | |

We, the jury in this case, having been duly impaneled and sworn, do hereby find the defendant, ALEX D. COOK, _____ (enter "guilty" or "not guilty") of the offense possession of visual depictions of real minors engaged in sexually explicit conduct, as charged in Count 3 of the Superseding indictment, in violation of 18 U.S.C. § 2252(a)(4)(B).

1._____
　　　FOREPERSON

2._____

3._____

4._____

5._____

6._____

7._____

8._____

9._____

10._____

11._____

12._____

-50-

<u>CERTIFICATE OF SERVICE</u>

I certify that on August 26, 2011, a copy of the United States Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/Thomas O. Secor
Assistant U.S. Attorney


/s/ Gene Crawford
Gene Crawford
Assistant U. S. Attorney