

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:10CR522 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX D. COOK, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |

−2−

## General Principles

### Introduction

(1)  Members of the jury, I will now instruct you about the law that you must follow in deciding this case.

(2) First, I will explain your duties and the general rules that apply in every criminal case.

(3)  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing. The government must prove each element beyond a reasonable doubt for you to return a guilty verdict; if it does not, you must return a not guilty verdict.

(4)  Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6) Although you have your own written copy of the instructions, which you will have with you in the jury room, please listen carefully to everything I say.

–3–

## Jurors' Duties

(1) You have two main duties as jurors. The first is to decide what the facts are from the evidence that you see and hear in court. Deciding what the facts are is your job, not mine; nothing I say or do during this trial is meant to influence your decision about the facts.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow my instructions, even if you personally disagree with them. This includes the instructions that I give you before and during the trial, and these instructions. All instructions are important, and you should consider them together as a whole.

(3) The lawyers may refer to the law during their opening statement and closing arguments. If what they say differs from what I tell you about the law, you must follow what I say. What I say about the law controls.

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

– 4 –

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

(1) An indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes it accuses the defendant of committing. But an indictment alone does not even raise any suspicion of guilt.

(2) The defendant starts the trial with no evidence at all against him. The law presumes he is innocent.  This presumption of innocence stays with the defendant unless and until the government presents evidence sufficient to overcome the presumption and convince you beyond a reasonable doubt that he is guilty.

(3)  This means the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. The government has the burden of proving that he is guilty. This burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)  The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)  Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

−5−

## Evidence Defined

(1)  You must make your decision based only on the evidence that you saw and heard, including the exhibits which will be with you in the jury room. Do not let anything else that you may have seen or heard influence your decision in any way.

(2)  The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits allowed into evidence.

(3)  Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence  – what the witnesses say in response to those question is evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) If I have sustained an objection, or if a question was withdrawn, you must disregard the question and answer, if any, to the question. Do not speculate about what an answer might have been where I sustained an objection to a question.

(5) Base your decision only on the evidence, as I define "the evidence" in these instructions, and nothing else.

–6–

## Consideration of Evidence

(1) Use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably gives rise to an inference or leads to a conclusion obased on that evidence, you may draw that inference or draw that conclusion.

−7−

### Direct and Circumstantial Evidence

(1) There are two general types of evidence: "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence, like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply evidence that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) The law makes no distinction between the weight that you should give to either direct or circumstantial evidence or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

–8–

## Credibility of Witnesses

(1) In evaluating the evidence, you must decide how credible or believable each witness was.  It is up to you, not me, to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, part of it, or none of it at all.  But you must act reasonably and carefully in making these decisions.

(2) Some of the things you should consider in evaluating each witness's testimony are:

(A) Could the witness clearly see, hear or otherwise experience the things the witness testified about.  Sometimes even an honest witness may not have been able to see, hear or experience what was happening, and may make a mistake.

(B) How well could the witness recall the events about which he testified. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) How did the witness act while testifying.  Did the witness appear truthful or untruthful?

(E) Did the witness have any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Did the witness have any bias, or prejudice, or any other reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Did the witness testify inconsistently while on the witness stand, or was his testimony inconsistent in a material way with something that the witness said or did, or failed to say or do at some other time. If you believe that the witness was inconsistent, consider whether

-9-

such inconsistency makes the witness's testimony less believable. Sometimes it may; other times

it may not. Consider whether the inconsistency was about something important or something

insignificant. Was the inconsistency seem like an innocent mistake or a deliberate falsehood.

(G) How believable was the witness's testimony was in light of all the other

evidence. Was the witness's testimony supported or contradicted by other evidence you found

believable. If you believe a witness's testimony was contradicted by other evidence, remember

that people sometimes misperceive or forget things, and that even two honest people who witness

the same event may not describe it exactly the same way.

(3) These are some of the things that you may consider in deciding how believable each

witness was. You may also consider other things that you think shed some light on the witness's

believability. Use your common sense and your everyday experience in dealing with other

people. And then decide what testimony you believe, and how much weight you think it

deserves.

-10-

## Number of Witnesses

(1) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

-11-

## Lawyers' Objections

(1)  The lawyers for both sides sometimes objected to some of the things that were said or done during the trial.  Do not hold that against either side or the attorneys. A lawyer properly objects whenever he or she thinks that your hearing or seeing the evidence would be countrary to the rules of evidence Those rules are designed to make sure that both sides receive a fair trial.

(2) Do not interpret my rulings on objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

-12-

## Defining the Crime and Related Matters

### Introduction

(1)  That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.

(2) Before I proceed to define the crimes with which the defendant is charged and the elements of each which the government must prove beyond a reasonable doubt before you can find him guilty, I emphasize that the defendant is on trial for only the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved any or all of the crimes charged.

-13-

### Separate Consideration–Single Defendant Charged With Multiple Crimes

(1) The defendant has been charged with three crimes. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for the elements of each one. For each charge, you must decide separately whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether guilty or not guilty, should not influence your decision as to any other charge.

-14-

## On or About

(1) Each Count of the indictment charges that the crime occurred "on or about" the date or dates specified in that Count. The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to  those dates.

−15−

### Inferring Required Mental State

(1) Ordinarily, there is no way that a defendant's state of mind can be proved directly. No one can read another person's mind and know what that person is thinking.

(2) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. The can include such things as what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence to show what was in the defendant's mind.

(3) You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.

-16-

### Charges as set forth in the Indictment

(1) Defendant ALEX D. COOK is charged with one count of receipt of visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(2); one count of distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and, one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

(2) I will now inform you of the elements of each charged offense.

-17-

## Charging Statute - Receiving and Distributing Material
## Involving Sexual Exploitation of Minors - Section 2252(a)(2)

(1)  The statute which is alleged to have been violated in Counts 1 and 2 is Title 18,

United States Code, § 2252(a)(2).  As is relevant here, that statute provides that:

(a) A person who --

    (2)    knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce . . . if —

        (A) the producing of said visual depiction involves the use of a minor engaging in sexually explicit conduct; and

        (B) such visual depiction is of such conduct,

shall be guilty of a criminal offense against the United States.

-18-

## Elements of Offense - Receiving and Distributing Material
## Involving Sexual Exploitation of Minors  - 18. U.S.C. §2252(a)(2)

(1)  Section 2252(a)(2) makes it a federal crime or offense for any person to knowingly receive or distribute any visual depiction that has been shipped or transported in interstate or foreign commerce by any means, including by computer, if the production of such visual depiction involved the use of a real minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

(2)  For you to find the defendant guilty of either or both of the offenses charged in Count 1 or 2, you must find that the government has proven each of the following elements beyond a reasonable doubt:

(A)  First:  The defendant knowingly received or distributed a visual depiction;

(B)  Second:  Such visual depiction was shipped or transported in interstate or foreign commerce by any means, including by computer;

(C)  Third:  The production of such visual depiction involved the use of a real minor engaging in sexually explicit conduct;

(D)  Fourth:  Such visual depiction is of a minor engaging in sexually explicit conduct; and

(E)  Fifth:  The defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

(3)  Now I will give you more detailed instructions on some of the terms used in this statute.

-19-

(A) To "receive" a visual depiction means to take possession of it. This includes the knowing acceptance of a depiction previously requested. "Receiving" includes the downloading of a photograph or video by means of the Internet.

(B) To "distribute" means to disseminate or transfer possession to another person.

(C) A "visual depiction" includes any photograph, film, video or picture, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

(D) The government must prove that the defendant received or distributed the depiction "knowingly." An act is done "knowingly" when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

(E) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

−20−

## "Minor" and "Sexually Explicit Conduct" -- Defined

(1) The term "minor" means any person under the age of eighteen (18) years.

(2) "Sexually explicit conduct" means actual or simulated:

(A)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B)     bestiality;

(C)     masturbation;

(D)     sadistic or masochistic abuse; or

(E)     lascivious exhibition of the genitals or pubic area of any person.

The Government must prove that the pornographic images in this case depicted real children under the age of eighteen years. You may rely on your observations and judgment in evaluating the images to determine whether they depict real children under the age of eighteen years.

The Government need not present expert or other testimony on whether the children are in fact real children as opposed to, say, youthful adults or computer generated images of children.

The Government also need not present expert or other testimony on the ages of the children depicted. Rather, the Government may meet its burden of proving the pornographic images depict real children under the age of eighteen years by presenting the images to you the jury and allowing you to evaluate the images for yourselves.

-21-

## Lascivious Exhibition - Defined

(1) Not every exposure of the genitals or pubic area constitutes "lascivious exhibition." Whether a picture or image of the genitals or pubic area constitutes such a "lascivious exhibition" requires a consideration of the overall content of the material. It is for you to decide the weight or lack of weight to be given to any of the following factors.

(2) You may consider such factors as:

(A) whether the focal point of the picture or image is on the child's genitals or pubic area:

(B) whether the setting of the picture or image is sexually suggestive, that is, in a place or pose generally associated with sexual activity;

(C) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor;

(D) whether the child is fully or partially clothed, or nude;

(E) whether the picture or image suggests sexual coyness or a willingness to engage in sexual activity; and

(F) whether the picture or image is intended or designed to elicit a sexual response in the viewer.

(3) A visual depiction or image need not involve all of these factors to constitute a "lascivious exhibition" of the genitals or pubic area.

-22-

### Interstate Commerce -- Defined

(1) The term "interstate or foreign commerce" means the movement of property from one state to another state, or from one state to another country, or from another country to a state. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

(2) The phrase "transported in interstate or foreign commerce" means that the visual depiction or image, at any time, traveled or moved between one state and another state, or between a foreign country and a state. Evidence that an image was produced in a state other than Ohio, or in a foreign country, is sufficient to prove that the visual depiction or image has been transported in interstate or foreign commerce.

(3) Evidence that a visual depiction or image was transmitted or received electronically by a computer connected to the Internet is sufficient to establish that the visual depiction or image was transported or moved in interstate or foreign commerce. It is for you to determine if the material containing the visual depiction had been transmitted or received over the Internet or was produced using materials that had been transmitted or received over the Internet.

(4) It is not necessary for the government to prove that the defendant transported the material containing the visual depiction in interstate or foreign commerce. It is not necessary for the government to prove that the defendant knew that [the material containing] the visual depiction had moved in interstate or foreign commerce. It is sufficient that the government prove that at some point [the material containing] the visual depiction traveled in interstate or foreign commerce.

-23-

### Essential Elements of § 2252(a)(4)(B) - Defined

A.    Charge:

(1) The defendant is charged in Count 3 of the Indictment with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B).

(2) For you to find the defendant guilty of the offenses charged in Count 3, you must find that the government has proven each of the following elements beyond a reasonable doubt:

(A) First, that the defendant knowingly possessed photographic computer files which the defendant knew contained visual depictions of real minors engaged in sexually explicit conduct;

(B) Second, the defendant knew the visual depictions contained in the photographic computer image files showed minors engaged in sexually explicit conduct;

(C) Third, the defendant knew that production of such visual depictions involved the use of a minor in sexually explicit conduct; and

(D) Fourth, that the visual depictions had been either:

a) mailed, shipped or transported in interstate or foreign commerce, or

b) produced using material that had been mailed, shipped or transported in interstate or foreign commerce by computer or other means.

(2) I have already defined for you the terms "visual depiction," "minor," "knowingly," and "sexually explicit conduct." Those definitions apply as well to the elements of the crime charged in Count 3.

(3) "Producing" means producing, direction, manufacturing, issuing, publishing, or advertising.

-24-

### Possession

(1) To prove the defendant "possessed" the illegal material, the government does not necessarily have to prove that the defendant physically possessed the child pornography. The law recognizes two kinds of possession – "actual" possession and "constructive" possession. Either one of these, if proved by the government beyond a reasonable doubt is enough to convict.

(2) To establish "actual" possession, the government must prove that the defendant had direct physical control over the child pornography, and knew that he had control of it.

(3) To establish "constructive" possession, the government must prove that the defendant has the right to exercise physical control over the child pornography, and knew that he had this right, and that he intended to exercise physical control over the child pornography at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have "constructive" possession of it while it was in the "actual" possession of your friend.

(5) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the child pornography, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

-25-

## First Amendment Does Not Protect Child Pornography

(1) The First Amendment of the United States Constitution does not protect visual depictions of a minor engaged in sexually explicit conduct as charged in the indictment.

-26-

## **Special Evidentiary Matters - Introduction**

(1) That concludes the part of my instructions explaining the elements of the crimes.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

-27-

### Statement by the Defendant

(1) You have heard testimony that the defendant on September 15, 2011rmade a statement in which, the government claims, he admitted certain facts. The defendant disputes the government's version, typed by Agent Pape, of the statement. It is for you to determine what it was the defendant said to the agent, and what weight to give to what he told him.

(2) In determining what the defendant told the agent, you should consider all of the evidence about the statement, including the circumstances under which the defendant spoke to the agent and the agent, in turn, created his typewritten version of the statement.

(3) In determining what the defendant told the agent, you may also consider the failure of the agent to have recorded the interview and the oral statement made by the defendant to the agent.

(4) You may not convict the defendant solely upon his own uncorroborated statement or admission.

-28-

### Closing Arguments by Counsel

(1) I remind you that the closing arguments of counsel are not evidence. They are counsels expression of their view of the evidence and how they believe you should interpret it in light of these instructions.

(2) Because the government has the burden of proof, its attorney will present closing argument first. Next, the defendant's attorney will present her closing argument. The government will conclude with its final, or rebuttal argument.

(3) Following completion of the closing arguments, I will give you some concluding instructions about the conduct of your deliberations.you will retire to the jury room to begin your deliberations.

-29-

### Duty to Deliberate

(1) Now you are free to talk about the case in the jury room.

(2) In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. .

(3) You must decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt of the charge in the indictment. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not change your mind just because other jurors see things differently, or just to get the case over. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(4) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

-30-

### Procedure During Deliberations

(1) The first thing you should do in the jury room is to choose your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(2) Once you start deliberating, do not talk to the clerk, or me, or anyone else except each other about the case. Your discussions, moreover, can occur only when all twelve of you are together in the jury room. If any juror is not in the jury room, do not discuss the case until that juror joins you. While your deliberations are continuing, do not discuss the case outside the jury room, either with your fellow jurors or anyone else.

(3) If you have any questions or messages, they should be written, signed by the foreperson and given to the clerk to give to me. I may have to talk to the lawyers before responding, so it may take me some time to get back to you.

(4) In any communication with the court or clerk, do not write down, tell, or indicate in any way whatsover how you stand on your votes.

(5) Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own by any means whatsoever while you are deliberating.

(6) If you unanimously find the defendant guilty beyond a reasonable doubt, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

-31-

(7) Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(8) I have prepared verdict forms for you to record your verdict. On the completion of your deliberations, after you have reached unanimous agreement as to your verdicts, sign the appropriate form and notify the clerk that you have concluded your deliberations.

[Read verdict forms].

(9) I remind you that nothing I have said or done during this trial has been meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

(10) At the outset of this case alternate jurors were selected in the event of any misfortune to a member of the panel. It will not be necessary for the alternate jurors to serve further. Do not tell anyone how you would have voted and do not discuss the case with anyone until you have learned that the jury has returned its verdicts.

The Jury May Now Retire.