1                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
2                         WESTERN DIVISION

3
     UNITED STATES OF AMERICA,        Case No. 3:10-cr-522
4
                 Plaintiff,
5
          vs.                         THURSDAY, AUGUST 4, 2011
6
     ALEX DAVID COOK,
7
                 Defendant.
8

9
             TRANSCRIPT OF TELEPHONE CONFERENCE PROCEEDINGS
10               BEFORE THE HONORABLE JAMES G. CARR
                   UNITED STATES DISTRICT JUDGE
11

12
     APPEARANCES:
13
     For the Government:        Gene Crawford and Thomas O. Secor,
14                              *Assistant United States Attorneys*

15
     For the Defendant:        Donna M. Grill,
16                              *Assistant Federal Public Defender*
                                and
17                              Elizabeth Kelley*, Esquire*

18

19
     Official Court Reporter:   Sarah E. Nageotte, RDR, CRR, CBC
20                              United States District Court
                                801 West Superior Avenue
21                              Court Reporters 7-189
                                Cleveland, Ohio 44113
22                              (216) 357-7186

23

24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.

2

```
           1                    THURSDAY, AUGUST 4, 2011

           2                            - - -

           3             (Proceedings commenced at 4:07 p.m.)

           4                            - - -

15:01:11   5          (All participants appearing telephonically)

           6                            - - -

           7             JUDICIAL SECRETARY:  Okay.  We have, actually,

           8     Sarah from Cleveland is the court reporter.

           9         She's taking this.

16:07:18  10             THE COURT:  Okay.  Good.

          11     Thank you.

          12             JUDICIAL SECRETARY:  Donna Grill, Elizabeth

          13     Kelley, Tom Secor, and Gene Crawford are on the line.

          14             THE COURT:  Okay.

16:07:30  15             JUDICIAL SECRETARY:  And Diane's here, too.

          16             THE COURT:  Good.

          17         Okay.  Okay.  And I understand that there's an

          18     appearance of new counsel; is that correct?

          19             MS. KELLEY:  That's correct, Your Honor.

16:07:47  20         I filed a notice of appearance on Monday and shortly

          21     thereafter Donna filed her motion to withdraw.

          22             THE COURT:  But you know the trial day is set

          23     in about four weeks?

          24             MS. KELLEY:  Yes.  Yes.  And I also filed, in

16:08:00  25     the wee hours of this morning, a motion to continue.
```

1      THE COURT:  Well, what's going on?

2      I mean, the case has been set for trial and what's --

3  what's the Government's position and situation?

4      MR. SECOR:  Your Honor, this case was

16:08:23  5  indicted --

6      THE COURT:  Tom, recognize yourself for the

7  court reporter.

8      MR. SECOR:  Sorry, Your Honor.  Tom Secor.

9      This case was indicted, if I'm not mistaken, back in

16:08:31 10  December, and there's been ongoing discussions in an attempt

11  to resolve it.  It was not resolvable.

12      We had a trial date in the end of June, which was

13  continued to September.  On that June date, we had a motion

14  to suppress hearing, subsequently issued an order granting

16:09:00 15  and denying in part that particular motion.  A couple

16  motions that have been filed have been resolved.

17      The case should take a day and a half to two days to

18  try at most.  I know Ms. Grill has had several examinations

19  done concerning the case.

16:09:24 20      I just -- frankly, we've got witnesses coming from the

21  four corners of the country, and travel arrangements have

22  been made and, frankly, I think that four weeks is more than

23  enough time to get this case ready to go, even for someone

24  coming in from a standstill start.

16:09:44 25      THE COURT:  Let me ask you this.  I assume,

1     but I want to confirm, that -- well, let me ask you this.

2          To what extent is the entire, your entire file been

3     available to defense counsel?

4                    MR. SECOR:  It's been --

16:10:01 5            MS. GRILL:  Your Honor, this is Donna.

6          And as always, the U.S. Attorney's Office has made

7     their file available to me.  We have reviewed it.  We've had

8     an expert also come in and review matters.

9          If I may, Your Honor, this is a very young man, very

16:10:23 10   big decision for his --

11                    THE COURT REPORTER:  I'm sorry.  You're

12    breaking up.

13                    THE COURT:  Donna, it's a little hard to hear

14    you.  I'm outside, too.  I'm --

16:10:37 15           MS. GRILL:  I'm sorry.  I'm on speaker.  I was

16    over at the U.S. Attorney's Office reviewing another file.

17                    THE COURT:  Okay.

18                    MS. GRILL:  Anyway, this is a very young man.

19    It's a very, very big decision.

16:10:53 20           THE COURT:  Oh, of course.

21                    MS. GRILL:  He, nor his family, has ever dealt

22    with, you know, anything like this, dealt with the criminal

23    justice system.

24         I think, how I understand, obviously, he wanted

16:11:06 25   another opinion and wanted his -- his family wanted to

1    retain counsel on his behalf.

2         I know and assume that he didn't come into money this

3    week, so I don't know how an arrangement was made, but I

4    know his family has been very supportive and, you know, I

16:11:23 5    would just say that while I appreciate the U.S. Attorney's

6    concerns, and really I am technically off the case, and I

7    know that they have been, in all honesty, very patient --

8                   THE COURT:  Well, have I granted leave for you

9    to withdraw?

16:11:41 10                   MS. GRILL:  Not yet.  Not yet.

11                   THE COURT:  Well, I don't have to do that.

12                   MS. GRILL:  This is true, Your Honor.  You do

13    not have to do that.

14                   THE COURT:  And I assume that you would be

16:11:51 15    prepared to go to trial?

16                   MS. GRILL:  I would.  I would be prepared,

17    yes.  I -- there are a couple of in limine type motions that

18    I've already --

19                   THE COURT:  Sure.  The usual.

16:12:03 20                   MS. GRILL:  Right.  Exactly.  That we had

21    filed.  But other than trial type, there's no pretrial

22    matters left.

23                   THE COURT:  Yeah.

24                   MS. GRILL:  But I think when a situation

16:12:14 25    reaches a point where, you know, the client feels a need to

1    retain counsel, you know, that -- that's what he needs to

2    do.

3         And I am -- you know, I know Ms. Kelley is a very good

4    lawyer.

16:12:30  5              THE COURT:  I know that.  Sure.

6              MS. GRILL:  I think it's in his best interest

7    to --

8              THE COURT:  I mean --

9              MS. GRILL:  -- have a little bit more time to

16:12:41 10   counsel with her.

11             THE COURT:  Well, four weeks is four weeks.

12   It's not as though the case is set for a week from Monday or

13   whatever.

14        I mean, it's -- how many witnesses does the Government

16:12:56 15   presently expect to call?

16             MR. SECOR:  Well, Your Honor, anywhere from

17   seven to nine, but half of those are chain of custody

18   witnesses.

19             THE COURT:  Okay.

16:13:11 20             MS. GRILL:  And, Your Honor, Mr. Secor and I

21   did have some preliminary discussions regarding potential

22   stipulations that, you know, just things that we thought

23   might move --

24             THE COURT:  Sure.  Of course.

16:13:26 25             MS. GRILL:  -- a little bit quicker.

1          We haven't really come to any further discussion or

2     decision on that, but we have definitely had a lot of

3     ongoing discussions about this case.

4                    THE COURT:  Yeah.  You know, and I -- I don't

16:13:40  5     want to put the defendant in a position that he feels he has

6     to plea, and that's not my concern, but my concern is that

7     when the Government indicates that, you know, it has made

8     arrangements to have a number of witnesses be present in

9     trial, you know, it's not a two or three witness case.

16:14:08  10          What is there -- Tom, let me ask you this.  What if

11     the chain of custody -- in other words, the -- we'll call it

12     technical or procedural witnesses were not --

13                    MS. KELLEY:  Your Honor?  Your Honor?

14                    THE COURT:  Yes.

16:14:24  15                    MS. KELLEY:  I'm going to have to absent

16     myself for a minute or so.  I apologize.

17          I need to pay the cab driver and get my bag out of the

18     trunk.

19                    THE COURT:  Okay.

16:14:35  20                    MS. KELLEY:  I am so sorry.  I am so sorry.

21                    THE COURT:  No.  No.  Go ahead.  No problem.

22                    MR. SECOR:  Judge, the out-of-town

23     witnesses --

24                    THE COURT:  Tom, wait until she gets back.

16:14:43  25

1                          - - -

2                 (Pause in proceedings)

3                          - - -

4           MS. KELLEY:  Excuse me.  I'm back for a

16:15:18  5   moment.  That was a false alarm.

6           THE COURT:  Oh, okay.

7       Well, let's -- I mean, Tom, if you had -- I assume

8   that you will, I can't imagine you guys are -- unless

9   there's some real reason to fuss about chain of custody, we

16:15:36 10  can do that by way of pretrial hearing, that's no big deal.

11      All right.  Those witnesses, if it came to that, I

12  would suggest you guys, if there's really a chain of custody

13  issue or a foundation issue, that we can handle, that has

14  nothing to do with the jury.

16:15:54 15          MR. SECOR:  Yeah.  I'm just saying, you know,

16  even though there were seven or eight or nine witnesses,

17  whatever they are, most of them are chain of custody --

18          THE COURT:  What -- what about the other --

19  let's assume for the moment that they're not a factor, okay,

16:16:11 20  that either you guys will stipulate or even, if necessary, I

21  could, you know, conduct those hearings by video conference,

22  if those are among the witnesses --

23          MR. SECOR:  Then it's a four or five witness

24  case.

16:16:28 25          THE COURT:  Pardon?

1          MR. SECOR:  Then it's a four or five, six

2     witness case.

3               THE COURT:  And how many of those witnesses

4     are out of town so far?

16:16:42 5          MR. SECOR:  Four.

6               THE COURT:  And where are they coming from?

7               MR. SECOR:  One's from Oklahoma City.  One is

8     from Washington.

9               MR. CRAWFORD:  State.

16:16:59 10         MR. SECOR:  Washington state.

11              THE COURT:  And who are they?  Who are these

12    witnesses?  What's -- in a sentence or so, just tell me --

13              MR. SECOR:  One will be a witness to identify

14    the -- one of the victims in one of the pictures.

16:17:13 15         One of them will be a witness who conducted the

16    undercover, when the defendant was distributing the stuff.

17         Of course, there is the Lima witness.  No big deal.

18         And then there is a Time Warner witness.  I think

19    they're from -- I'm not sure right now, I think it's out

16:17:45 20    west somewhere.

21              THE COURT:  Yeah.

22              MR. SECOR:  I need that witness to establish

23    an IP address, identity.

24         And there's another, possibly an expert from

16:18:00 25    Washington DC to explain how a particular program works.

1          THE COURT:  Okay.

2          MR. SECOR:  So, as you can see, it's not --

3     this isn't rocket science.

4          THE COURT:  Yeah.

16:18:11 5          MS. KELLEY:  And, Your Honor --

6          THE COURT:  Elizabeth, if I may, since it's a

7     two-day trial, why can't you be ready in four weeks?

8          MS. KELLEY:  Well, as a practical matter for

9     me, Your Honor, it's three weeks, and I realize you're going

16:18:27 10    to be telling me I should have calculated this before --

11    before meeting with the family.

12         But as I mentioned in an earlier conference call with

13    you earlier this week, my mother died a few weeks ago and I

14    had already arranged to go back up to Washington State to

16:18:46 15    spend a week.  I'm an only child and there is -- there are

16    her estate matters to resolve, so I am absolutely committed

17    to doing that.

18         And so, it is -- it is three weeks of preparation for

19    me, not four.  And although, in terms of time, this trial

16:19:06 20    might pass very quickly, it is -- there are a good deal of

21    documents.  Donna Fed Ex'd me a large Fed Ex packing box

22    yesterday which constitutes her file, and as I also said in

23    my motion to continue, I may very well need to retain

24    additional experts based on -- based on my review of the

16:19:37 25    file.

1    So in order to be -- to be fully adequate -- in order

2    to be fully and adequately prepared, three weeks is not

3    enough.  And again, the situation with someone in private

4    practice is you have a couple of other cases going on --

16:19:57  5    THE COURT:  I understand.

6    MS. KELLEY:  -- so --

7    THE COURT:  I'm serious about this.  It's a

8    totally different situation if it was, you know, local FBI

9    agents and cooperating witnesses and so forth and so on.

16:20:22  10    But these don't sound to me to be ordinary --

11    MS. KELLEY:  It's -- it's not as --

12    THE COURT:  Wait a minute.  Wait a minute.

13    Listen to me.

14    MS. KELLEY:  Sure.

16:20:34  15    THE COURT:  The client, for whatever reasons,

16    he made a choice four weeks before trial, where, you know,

17    he would simply assume that the case would get continued,

18    and the Government, somewhat uncharacteristically, is

19    objecting to that.

16:20:48  20    And I'm sure you know the U.S. Attorney's Office here

21    well enough, they're not doing that just because they're

22    trying to jam you up or whatever, but in fact it is a

23    significant inconvenience to them to be told, well, not

24    quite so fast, I've decided to change lawyers at the

16:21:09  25    eleventh hour.

1       And I don't think -- I'm sorry.  I don't think I have

2   to grant the continuance.  I really don't.

3       Hold on a minute.  I've got a call on another phone.

4   One second, please.

16:21:22   5                          - - -

6                    (Pause in Proceedings)

7                          - - -

8            THE COURT:  Sorry about that.

9            MS. KELLEY:  That's all right.  Your Honor --

16:22:14  10            THE COURT:  Just -- you know, this has been

11   pending for eight or nine months, the case was set and it

12   was continued once, and I'm going to be very blunt, the

13   defendant doesn't get an opportunity to set my trial

14   schedule.  He's given a trial date, he makes the decision,

16:22:35  15   and he's made a decision, and that's fine.

16       And this is the first I've heard about it.  There's no

17   indication about dissatisfaction with the representation

18   he's got from the Federal Public Defender.

19       And what I'm inclined to do would be to -- I could

16:22:56  20   make arrangements for you back in the office on Monday and

21   have the hearing and come in and tell me, well, how come,

22   you know --

23            MS. KELLEY:  You mean, there would be another

24   hearing on Monday?

16:23:07  25            THE COURT:  I set this -- well, you're not

1    available now.

2                    MS. KELLEY:  No.  I won't -- I will not be

3    back in Ohio until the 15th.

4                    THE COURT:  Okay.  So you're outside of the

16:23:21 5    office?

6                    MS. KELLEY:  Yeah.  I have to go up to

7    Washington and resolve some of my parents' affairs.

8                    THE COURT:  I understand.  And what --

9                    MS. KELLEY:  And I will be out for the entire

16:23:32 10    week.

11                    THE COURT:  Okay.  What -- and what is it --

12    the trial date is the 6th of September?

13                    MR. SECOR:  Correct, Your Honor.

14                    MS. KELLEY:  The trial, yes.

16:23:43 15                    THE COURT:  Okay.  I'm just -- you know, as

16    far -- as far as I can recall, this is the first time the

17    Government has ever objected to a continuance of a trial

18    date, and I just don't see the justification to the

19    lawyer -- for the defendant to decide to change lawyers.

16:24:14 20         If he has --

21                    MS. KELLEY:  Your Honor, if -- if Donna --

22                    THE COURT:  Pardon me?

23         If he had the money, he should have -- if he was going

24    to -- if he didn't want a public defender, he should have --

16:24:25 25    his family should have gotten the money to retain counsel at

1   the outset of the case.  The case has been pending for a

2   long time.  There was a trial date set in June.  It was

3   continued, I assume, because of the need to take the time to

4   get ready for trial.

16:24:39  5       I'm sure that Donna is ready or can be ready for

6   trial, and I don't have to grant the motion for leave to

7   withdraw unless there's some -- certainly without showing of

8   some cause that justifies changing the schedule, and as far

9   as I'm aware, there's been none.

16:24:59 10       Donna, have you had expressions of dissatisfaction?

11  Were you aware that your client was contemplating this?  Or

12  did you simply -- you were simply notified that he wants to

13  change lawyers?

14              MS. GRILL:  Your Honor, we met, and I don't

16:25:17 15  have a date book out in front of me, I'm going to say

16  recently, and --

17              THE COURT:  A week or two ago?

18              MS. GRILL:  Yeah.  And there is -- there is a

19  difference of opinion of how to proceed.

16:25:34 20              THE COURT:  Yeah.  And if your client tells

21  you to go to trial, you go to trial.

22              MS. GRILL:  This is true.  That is absolutely

23  my job.

24              THE COURT:  That is clear.  Yeah.

16:25:45 25              MS. GRILL:  And he contacted me whatever the

1     day before, I believe, Ms. Kelley filed her entry of

2     appearance.

3              THE COURT: Yeah.

4              MS. GRILL: But I can tell the Court that, you

16:25:57 5   know, it's certainly clear to me at this point that he, you

6     know, does not want our office on this case any longer.

7         And, you know, I'm not trying to beat a dead horse

8     here, but, I mean, he's 20 years old and this has just been

9     extremely difficult for him, and I can't even begin to

16:26:32 10  imagine, equally difficult I'm certain for his family.

11        And, you know, if -- if this is the avenue that is

12     going to help him, you know, resolve this in whatever

13     fashion he is most comfortable with and best for him, you

14     know, I believe that that is in his best interest.

16:27:05 15          THE COURT: Well, I really do not want to

16     grant this request without having spoken to him. I'm sorry.

17     I just -- I'm not happy with it.

18        And I don't think any defendant has a right to say at

19     the last minute, gee -- if he's lost confidence in you, if

16:27:35 20  he's -- you know, if you declined to do things he asked you

21     to do, that's one thing, if there's been a true breakdown in

22     communications.

23        But at the very least I think I owe it to the

24     Government to look him in the eye and say, look, you do

16:27:50 25  understand that Ms. Grill is fully willing and able to go to

1    trial on your behalf, a thoroughly competent and experienced

2    attorney, and if that's your concern, I can assure you

3    she'll proceed.  You'll get first-rate quality

4    representation and that's fine.

16:28:12  5       And aside from whatever strictures the -- any

6    mandatory provisions the guidelines impose upon me, and of

7    course the loss of acceptance of responsibility, I'm not

8    going to impose a trial tax on him.  It truly doesn't really

9    matter to me one way or the other at all whether he goes to

16:28:34  10   trial or not.  And I can understand that.

11       So I -- can you be available by phone some time next

12   week?

13              MS. KELLEY:  I certainly could be.  I

14   certainly could be.

16:28:49  15      Your Honor, if I could expand a bit?

16              THE COURT:  Sure.  Go ahead.

17              MS. KELLEY:  I -- I was somewhat terse in my

18   motion to continue and I didn't -- I didn't state --

19              THE COURT:  You didn't expect -- you didn't

16:29:04  20   expect this reaction.  You figured Judge Carr is Judge Carr,

21   he'll go ahead and continue it.

22              MS. KELLEY:  Oh, no.  No.  No.  I wasn't

23   intimating that you were a pushover by any means.

24              THE COURT:  No.  No.  Wait a minute.

16:29:17  25              MS. KELLEY:  If you were --

1          THE COURT:  No.  No.  Wait.  Wait.

2          I'm not suggesting -- I'm just saying that you could

3     have reasonably anticipated that there wouldn't have been a

4     problem.

16:29:26   5          MS. KELLEY:  Because I've never heard the

6     Government oppose a motion like this.

7          THE COURT:  Sure.

8          MS. KELLEY:  But beyond that, as Donna said,

9     this is a very young, and not terribly sophisticated, young

16:29:38  10     man who comes from a not very sophisticated family.

11          THE COURT:  Right.

12          MS. KELLEY:  When I met with them, I gave them

13     a very expanded preamble as to what a good attorney Donna

14     was.

16:29:55  15          THE COURT:  Absolutely.

16          MS. KELLEY:  And what wonderful resources the

17     Public Defender's Office had at their disposal.

18          Nonetheless, this family, for whatever the reason,

19     doesn't feel comfortable with Donna.  There is a breakdown

16:30:08  20     in communications.

21          And I -- as much as we all respect Donna, this family,

22     and it is a family, this family does not feel comfortable

23     going forward with Donna, and they did not quite know what

24     the etiquette was, if you will, basically rejecting a public

16:30:35  25     defender and reaching out for private counsel.

1      And they spent a bit of time behind the scenes doing

2  due diligence as to how to retain a private attorney and who

3  should that be, and that's been in the works for a number of

4  weeks.

16:30:54  5      So I wouldn't necessarily characterize this as an

6  eleventh-hour decision.  It's more like an 8:45 decision.

7              THE COURT:  Yeah.  But it still comes at the

8  eleventh hour, whenever it was finally made, one way or the

9  other.

16:31:13  10             MR. SECOR:  Your Honor, if I could help

11  anything here, I could make my entire file available, and it

12  wouldn't take -- it wouldn't take her more than a couple

13  hours to review the entire thing.

14      The only thing that might take any time is viewing

16:31:28  15  the pornography itself and that is in Toledo and could be

16  done in the same time she reviews the file and it would take

17  her all of half an hour or less.

18             MS. KELLEY:  And in the meantime, I have

19  briefly reviewed one forensic report and I feel very

16:31:51  20  strongly that a more comprehensive report needs to be done,

21  so that means I need to retain an expert and his report

22  needs to be drafted, and that's -- that in itself is going

23  to take more than four weeks.

24             THE COURT:  Joyce, are you on the phone?

16:32:15  25             JUDICIAL SECRETARY:  Yes, Judge.

1        THE COURT:  What else do I have that week?  I

2   should have asked that first.  Only civil cases, I'm sure.

3        JUDICIAL SECRETARY:  There's one civil case.

4   It's a personal injury.

16:32:35  5        THE COURT:  Yeah.

6      Okay.  Have you retained that expert or contacted that

7   expert?

8        MS. KELLEY:  I can pick --

9        THE COURT:  Do you know who it is?

16:32:47 10        MS. KELLEY:  Not at this point, no, but I plan

11   to do it forthwith.

12        THE COURT:  What else do you have to do, aside

13   from your, you know, the demands of your family situation?

14        MS. KELLEY:  I'll be back on the 15th and I

16:33:19 15   suppose I could cancel other cases and go from there and

16   hope that my -- my computer forensic expert can crank out a

17   report by the 6th, and if he can be in -- if he can testify,

18   if need be.

19        THE COURT:  What kind of expert are we

16:33:44 20   talking?  Does the Government have an expert?  Let me ask

21   that.  What's --

22        MR. SECOR:  We have a guy, an individual who

23   did the, what we call the FTK report, which is the analysis

24   of the hard drive in the computer.  I don't know if you

16:34:02 25   really call him an expert.

1          We have another individual who may testify that would

2     explain how this particular program works.  I don't know if

3     you call him an expert either.

4                    THE COURT:  But, I mean, is this in terms of

16:34:32 5     telling the number of images there are?  I just -- I never

6     tried one of these cases.

7                    MR. SECOR:  Neither have I, Judge.  We're

8     going to learn this together.

9          Special agent -- or CFO Morford will testify as to

16:34:48 10     what's on the hard drive.

11                    THE COURT:  Okay.

12                    MR. SECOR:  And there's another bureau person

13     who will testify what he did in accepting the information

14     from the defendant when the defendant put this information

16:35:07 15     out for dissemination.

16                    THE COURT:  Okay.

17                    MR. SECOR:  And then there's also an

18     individual from the bureau who can testify to, as I

19     indicated earlier, how this program processes the

16:35:21 20     information.

21                    THE COURT:  Well, I'm not going to continue

22     the trial date.

23          Donna, I'll grant the motion to withdraw.

24          Elizabeth, I honestly think you have ample -- adequate

16:35:34 25     time, not ample time, but adequate time to get prepared, and

1    I'm just not going to do it.

2        It's -- the case has been set.  I understand the

3    defendant's situation, but it's not that different from the

4    situation of other defendants faced with extremely difficult

16:36:00  5    choices, especially given the rigor of the guidelines from

6    what Congress and the Sentencing Commission have done in

7    these cases, which is devastating, and I've got my own views

8    on the utility and fairness of what faces a defendant in

9    terms of sentencing in these cases.

16:36:26 10        And ultimately, though, I think that given the fact

11    that the Government has prepared and been prepared to go to

12    trial, and -- I'm not going to -- I'm not going to change

13    the trial date.  And I note your objection.

14        I would suggest that if you are unable to get an

16:36:45 15    expert, if that expert indicates that he or she is not --

16    experts, singular or plural -- for whatever reason they

17    can't be ready in four weeks, three weeks or two weeks,

18    whenever it is you're able to make arrangements with them,

19    make a record in that regard and we'll go from there.

16:37:05 20                    MS. KELLEY:  All right.  And --

21                    THE COURT:  Okay.  Go ahead.

22                    MS. KELLEY:  And --

23                    THE COURT:  And I -- let me -- let me also

24    say, to the extent that I may be committing an error in this

16:37:20 25    regard, you know, I have no problem with you making that

1    sort of record, and saying, look, Judge, you're taking

2    whatever shield I have out of my hands.

3          But at this point, we just don't know.  If you don't

4    have an expert -- when you contact him, we don't know

16:37:38  5    whether that person can do the work that's necessary to

6    respond to the Government's proof.  We -- I'm just very

7    reluctant to vacate the day on the basis that there may be

8    an expert out there whom you may want to use.

9                MS. KELLEY:  Well, I know the expert I am

16:38:00  10    going to use.  I just haven't picked up a phone yet and

11    called him.

12                THE COURT:  I understand.  Well --

13                MR. SECOR:  Just so the record is clear, Your

14    Honor, I would like the record to reflect that when Donna

16:38:11  15    had this case, she sent a computer expert over to our bureau

16    and our bureau person allowed that expert to have access to

17    the hard drive for hours and hours and hours.

18          Now, whether there was a report prepared, I don't

19    know.  My guess is there was.  But an expert has had an

16:38:40  20    opportunity to spend --

21                THE COURT:  Okay.

22                MR. SECOR:  -- hours and hours and hours with

23    this hard drive.

24                THE COURT:  Okay.  All right.  Well, I'm --

16:38:50  25    I'll grant Donna's motion to withdraw.

```
 1              And I'll see you guys on the 6th of September.
 2                      MS. KELLEY:  Now, Your Honor, one --
 3                      THE COURT:  Yeah.  Go ahead.
 4                      MS. KELLEY:  And --
 5                      THE COURT:  Go ahead.
 6                      MS. KELLEY:  Am I to assume that the calendar
 7      for proposed voir dire and jury instructions remains in
 8      place?
 9                      THE COURT:  Yeah.  And don't -- in terms of
10      the voir dire -- yeah, I mean, that would be the same.  I'm
11      more than -- I can postpone it a week.
12              Are there going to be any motions in limine?  The main
13      thing I worry about is motions in limine that require some
14      kind of work on my part in terms of research, so that I try
15      to get those resolved before we actually start trial so you
16      know where you stand with the evidence.
17              On the jury instructions, I assume there's some
18      boilerplate out there, in talking about the substantive, you
19      know, not all the stuff about what evidence is and what
20      jurors do, but basically the elements of the charge and that
21      the --
22                      MS. KELLEY:  And -- and I apologize.  I don't
23      have the docket in front of me.
24                      THE COURT:  Yeah.
25                      MS. KELLEY:  But as I recall, that -- the
```

1    proposed voir dire is due on the 15th, and that is an

2    absolute impossibility for me.

3              THE COURT:  Yeah.  Let's --  let's postpone

4    that by about -- that we can do -- you know, if you can get

16:40:21  5    that to me on the 22nd.

6         And if you guys can talk with each other, by proposed

7    voir dire, you mean the questions to be propounded to the

8    jury and the written questionnaire?

9              MS. KELLEY:  Right.

16:40:33 10              THE COURT:  Yeah.  That's -- and I will go

11   ahead and conduct the voir dire, assuming I'm available and

12   able to do so, I'm glad to do that, which will probably take

13   at least a day, perhaps longer.

14         It might take longer because what I would propose in

16:40:50 15   this case would be individual voir dire.  It's the kind of

16   case that it seems to me -- Tom, in terms of your schedule,

17   I assume you weren't anticipating something of that sort,

18   correct?  I assume --

19              MR. SECOR:  I can't imagine this voir dire

16:41:10 20   taking more than a day.

21              THE COURT:  Okay.  Yeah.  That's fine.  We'll

22   do it in a day.  We'll do it on -- we'll do that on the 6th

23   and start taking evidence on the 7th.

24         When I get back on Monday, Monday or Tuesday, I'll

16:41:27 25   talk about the -- the civil case.

1          JUDICIAL SECRETARY:  Okay.  Because that looks

2     like it's going.

3          THE COURT:  Yeah.  Which one is that?

4          JUDICIAL SECRETARY:  It is *Brudecki versus*

16:41:44 5     *Kukowski.*  It's -- I had it up.

6          THE COURT:  Okay.  Whatever.  We'll --

7          JUDICIAL SECRETARY:  It's a personal injury.

8          THE COURT:  Yeah.

9          JUDICIAL SECRETARY:  And --

16:41:56 10          THE COURT:  Okay.

11          JUDICIAL SECRETARY:  Okay.

12          THE COURT:  I'll take care of that.  I'll get

13     it tried or postpone it a little bit, just back it up to

14     this.

16:42:07 15          JUDICIAL SECRETARY:  Okay.

16          THE COURT:  Okay.  Anything further?

17          JUDICIAL SECRETARY:  I was just looking --

18     okay.  Yeah.  No, I don't.

19          THE COURT:  Okay.  Anything further from the

16:42:15 20     attorneys?

21          MS. GRILL:  No, Your Honor.

22          MS. KELLEY:  No, Your Honor.

23          MR. SECOR:  No.

24          THE COURT:  Okay.  And I'll make a change of

16:42:25 25     plea date also the, let's say, the 25th.

1         And by that, Elizabeth, I mean, after that, basically,

2    I expect, if he's going to plea, he will have done so on or

3    before the 25th.  If the not, we will go to trial.

4         Okay.

16:42:48   5              MS. KELLEY:  Tom, could you e-mail me a copy

6    of the proposed plea agreement?

7              MR. SECOR:  We never had a proposed plea

8    agreement.

9              MS. KELLEY:  Okay.

16:42:57  10              THE COURT:  And, Donna, I assume that included

11   in the stuff if there was an expert report or whatever,

12   notes or whatever, you'll send Elizabeth everything that you

13   collected and put together?

14              MS. GRILL:  Yes, Your Honor.  She has what I

16:43:13  15   have.

16              THE COURT:  Good.

17              MS. GRILL:  With the exception of a few

18   letters that were sent to the client, which I can forward

19   those.

16:43:20  20         But, yeah, as far as anything of any substance, I got

21   that out immediately.

22              THE COURT:  And, Tom, your experts' reports or

23   reports or at least information about their opinions has or

24   will be made available to Elizabeth?

16:43:34  25              MR. SECOR:  Absolutely.

1          THE COURT:  Okay, folks.  Thank you.

2          JUDICIAL SECRETARY:  Judge?

3          THE COURT:  Yes, Joyce.

4          JUDICIAL SECRETARY:  Just one thing, Monday is

16:43:42  5    Labor Day.  So then Tuesday will be jury impanelment,

6    Wednesday the trial starts then?

7          THE COURT:  Right.  Yeah.  And --

8          JUDICIAL SECRETARY:  Okay.

9          THE COURT:  And I'll plan to handle the

16:43:53 10   impanelment on Monday -- on the day after Labor Day.

11          MR. SECOR:  Your Honor?

12          THE COURT:  Yes, Tom.

13          MR. SECOR:  Tom.

14          THE COURT:  Go ahead.

16:43:58 15          MR. SECOR:  Generally we get the juror

16   questionnaires the day before.

17       Is there a chance that the Court would request that

18   the Clerk's Office make them available on Thursday or Friday

19   before the weekend?

16:44:09 20          THE COURT:  Yeah.  We'll do what we can in

21   that regard.

22          MR. SECOR:  Great.

23          THE COURT:  Okay.  See what you guys can do

24   about putting an agreed questionnaire together, and if you

16:44:21 25   can't, I'll sit down on the night of the 22nd and put one

1    together and get it in the Clerk's hands.

2         And, Joyce and Diane, if you have anything, make sure

3    I take care of that.

4                   JUDICIAL SECRETARY:  Okay.

16:44:33 5             THE COURT:  So whatever we have in that regard

6    should be in the Jury Commissioner's hands by the 23rd, and

7    that ought to be enough time to get them out and back, I'm

8    not sure that it will be, but we'll do what we can.

9         So what, 60 persons?  12 persons?  Two alternates?  In

16:44:55 10   terms -- given the nature of the case, that ought to be an

11   adequate venire, wouldn't it?

12                  MR. SECOR:  Yeah.  I would think.

13                  THE COURT:  Well, there's ten and

14   six peremptories?  It's been so long since I've tried a

16:45:09 15   criminal case, I can't even remember that.

16                  MR. SECOR:  Ten and four I think.

17                  THE COURT:  Ten for the defendant and four for

18   the Government?

19                  MR. SECOR:  I think so.  I'll have to look up

16:45:15 20   the rule.

21                  THE COURT:  Yeah.  It will be 26 or 28.

22        Joyce, tell Annie I think we'll want 60 jurors.

23                  JUDICIAL SECRETARY:  60?

24                  THE COURT:  Yeah.

16:45:24 25                  JUDICIAL SECRETARY:  Okay.

29

1          THE COURT:  I've got a hunch that we're going

2     to have a number of people who, when they hear the subject

3     matter of the case, they're going to be disqualified for

4     cause or -- and I would like to have enough of a backup that

16:45:39 5     we don't run out of jurors.

6          JUDICIAL SECRETARY:  Okay.  Now, the juror

7     questionnaires, you want those the Friday before trial?

8          THE COURT:  No.  No.  On the 22nd, counsel is

9     either to give me an agreed-to questionnaire or their

16:45:58 10    separate versions of the questionnaires, and I'll look at

11    them and make my mind up with regard to whatever has to be

12    done in that regard, and that will be in Annie's hands on

13    the 23rd.

14          JUDICIAL SECRETARY:  Okay.

16:46:11 15          THE COURT:  If you guys can send them in

16    electronic version, please, so I can cut and paste, unless

17    you have an agreed questionnaire.

18        Okay.  Any -- any other questions, Tom?

19          MR. SECOR:  None, Your Honor.

16:46:23 20          THE COURT:  Elizabeth?

21          MS. KELLEY:  None, Your Honor.

22          THE COURT:  Okay.  Thank you, folks.

23                    - - -

24        (Proceedings concluded at 4:46 p.m.)

25                    - - -

1

2

3                       **C E R T I F I C A T E**

4

5          I certify that the foregoing is a correct transcript

6    of the record of proceedings in the above-entitled matter

7    prepared from my stenotype notes.

8

9              */s/ Sarah E. Nageotte*              *2/21/2012*
              SARAH E. NAGEOTTE, RDR, CRR, CBC          DATE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25