UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:10 CR 00522 |
| Plaintiff, | : | JUDGE JAMES G. CARR |
| -vs- | : | |
| ALEX DAVID COOK, | : | **RESPONSE TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO** |
| Defendant. | : | **DEFENDANT'S MOTION FOR NEW TRIAL** |

Now comes the Defendant, Alex David Cook, by and through undersigned Counsel, and hereby submits the following Response to the Government's Memorandum in Opposition to Defendant's Motion for New Trial.

/s/Elizabeth Kelley
ELIZABETH KELLEY, 0063641
13940 Cedar Rd., #285
Cleveland, OH 44118-3204
(216)410-6923
ZealousAdvocacy@aol.com

SERVICE

I certify that on March 9, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Elizabeth Kelley
ELIZABETH KELLEY

Response

The Government argues that Mr. Cook faces a heavy burden in requesting a New Trial. This is true. Overturning a jury verdict is not something trial courts do lightly, and the Defendant would not make this request unless he had material and significant newly-discovered evidence. Moreover, Rule 33 specifically allows a trial court to do so in the interests of justice. "Interests of justice" is a tremendously broad term and is within the discretion of the trial court..

The failure to present evidence of third-party planting at trial was not a "tactical" error. As the Motion for New Trial states, evidence of third-party planting was not raised by the first and court-appointed expert, and because of the time constraints placed on new counsel, the second expert could not even begin to investigate this issue.

The Government argues that Mr. Cook's Motion should be dismissed because it is based on a constitutional claim, not newly-discovered evidence. If Counsel could not adequately identify and investigate the issue of third-party planting in the approximately thirty days before trial, it is unlikely that she could have done so within the fourteen days required by Rule 33(b)(2). Moreover, the Government's emphasis on labeling ignores the gravity of Mr. Cook's argument and the potential sentence he faces.

The Government argues that Mr. Cook cannot meet the four requirements needed for obtaining a New Trial. Mr. Cook disagrees and argues that he fulfills each of them.

First, the evidence of third-party planting, and in particular, the presentation attached to the Motion for New Trial, was obtained *after* trial. Granted, the issue of the roommate, Ian Douglas, being responsible for the images was explored. But the issue of

an anonymous third-party was not developed – and certainly not to the elaborate and persuasive degree of the presentation attached to the Motion.  Even more significantly, the Government does not respond to the fact that two of its witnesses denied that third-party planting was possible.

Second, given the circumstances, the evidence of third-party planting could not have been discovered earlier.  The Government is troubled by Mr. Cook's Motion for a Continuance filed August 2, 2011, and even more so by his obtaining private counsel and exerting his right to defend himself at trial.  As the attached affidavit from Mr. Cook's father states, the family felt it had no other choice, notwithstanding the fact that the case had been pending for several months and that it was set for a September trial date.  They felt that the court-appointed attorney was forcing them into a plea and the court-appointed expert was doing nothing to assist in his defense.  *See* attached affidavit.

Contrary to the Government's contention, Mr. Cook's case is not much like U.S. v. Zimmerman, 155 Fed. Appx. 821 (6th Cir. 2005).  In Zimmerman, the Sixth Circuit affirmed the district court's denial of a new trial because the newly-discovered evidence could very well have been discovered by the computer expert during the first trial.  In Zimmerman, the expert merely went back and "analyzed old printed directory listings and log files that were available to the defense before and throughout the trial." Zimmerman, *supra*.  However, in Mr. Cook's case, his second expert had no opportunity to search for third-party planting because of the tight time frame imposed.  Granted, this reason was not given in the Motion to Continue or raised during the conference call.  But counsel had only been on the case for a few days and didn't know enough to raise the issue.  Moreover, the second computer expert had not even been retained.

Third, the evidence of third-party planing is not cumulative.  Indeed, the jury never saw the presentation attached to the Motion for New Trial.  Yet the Government wants to have it both ways: it charges that Mr. Cook made this argument to the jury but then, it never addresses the fact that its own witnesses denied that this was possible when the presentation clearly shows that it is.  Morever, the Government faults Mr. Cook for not identifying the identity of the third-party in its Motion.  But the essence of the argument is that the third-party could very well be anonymous.  Whatever the truth, Mr. Cook has been steadfast for over a year that he was not the person who put these images on his computer.

Most significantly, this newly-discovered evidence could have changed the outcome of the trial.  The Government contends that because some of the dates when the images appeared on Mr. Cook's computer pre-date his move-in date to his apartment that the Court should reject his newly-discovered evidence of third-party planting.  That contention misses the point.  Mr. Cook is arguing that anyone prior to his move-in date, or for that matter, after his move-in date, could planted the items in questions.

The Government finds fault with the juror's affidavit submitted with the Motion for New Trial because the juror does not say categorically that the newly-discovered evidence would have changed his vote.  However, the juror was only told about the evidence, not actually shown the presentation and Counsel submits that "may have indeed changed my Guilty vote to Not Guilty" is sufficient for at least one vote of reasonable doubt on the jury.

Based on the foregoing and in the continuing interests of justice, Defendant Alex Cook requests an Evidentiary Hearing based on his previously-filed Motion for a New Trial.

Respectfully submitted,


/s/Elizabeth Kelley