IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                              Case No. 3:10CR522

        Plaintiff

   v.                                                        **ORDER**

Alex Cook,

        Defendant

Defendant Alex Cook, convicted on September 9, 2011, of one count each of receipt, distribution and possession of child pornography, has filed a motion for a new trial under Fed. R. Crim. P. 33. [Doc. 62]. Defendant claims his constitutional rights were violated, and that he has discovered new evidence that should compel a new trial so that it can be heard.

For the following reasons, I deny defendant's motion.

## Discussion

Defendant's rationale for a new trial is that he was denied his constitutional right to due process because his counsel was not permitted time to investigate a theory of the crime, and that post-trial investigation has allowed his lawyer to develop a new theory that could potentially change the jury's verdict. The new theory, based on affidavits from trial consultant Bill Jonke and forensic computer examiner Mark Vassel, is that an unknown third party may have hacked into defendant's wireless router, either using defendant's password or a code breaking piece of software.

1

Vassel states that he knew this was a possibility, but did not tell defendant's counsel about it because of the short time counsel had to prepare for trial (roughly a month). Such an analysis, he says, would have taken at least ninety days. Neither Vassel nor Jonke appears to have completed the analysis in the interim; Jonke simply says that he discussed the viability of the theory with a Carl Herkimer. Herkimer, who has no formal credentials as a computer expert, showed Jonke that this sort of third-party breach could theoretically occur and prepared a presentation to that effect. A juror, William Rexer, also provided an affidavit swearing that he may have changed his vote had the theory been presented.[1]

>Fed. R. Crim. P. 33 states:
>
>(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
>(b) Time to File.
>
>(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
>(2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

---

[1] Federal courts generally disfavor post-trial contact with jurors. *Nabkey v. Hoffius*, 827 F.Supp. 450, 454 n.2 (W.D. Mich.1993). The duty of a juror is a solemn and serious one, to be free of unnecessary intervention or interrogation by counsel even after the jury renders its verdict. Any juror who takes his job seriously should be open to persuasion by a competently presented and factually-backed theory of the case. Defense counsel's questioning and presentation of new theories to jurors was inappropriate, and were I to reach the fourth prong of the newly discovered evidence test, I would not use Rexer's affidavit as evidence of a likely acquittal. Such evidence is inadmissible under Fed. R. Evid. 606(b)(1).

If I interpret defendant's motion as one claiming his due process rights were violated, then defendant's motion is time-barred. He filed the motion on February 24, 2012, more than five months after the jury rendered its verdict. Because defendant ultimately argues that he has discovered new evidence requiring a new trial, I will only consider whether he has met the standard for a Rule 33 motion for a new trial on the grounds of new evidence.

The Sixth Circuit has adopted the following standard for determining whether a new trial based on newly discovered evidence is warranted:

> To obtain a new trial on this basis, a defendant must show that: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.

*United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982).

Trials based on newly discovered evidence are disfavored. *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986).

A threshold question is whether the "evidence" in question is, in fact, evidence, or instead a newly discovered theory. At trial, Vassel testified that none of the files at issue in this case had been opened or displayed while on defendant's laptop. What defendant now submits on motion is not additional, newly discovered evidence of how the files ended up unopened on his laptop, but instead a new theory to explain the evidence Vassel already introduced at trial.

"Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence." *U.S. v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003). "Evidence will not be deemed 'newly discovered' simply because it appears in a different light under a new theory. [A] party who desires to present his case under a different theory [i]n which facts available at the original trial now first become important, will not be granted a new trial." *Id*.

3

at 636 (quoting *United States v. Hamling*, 525 F.2d 758, 759 (9th Cir. 1975)). "An attempt to relitigate the case on a new theory is not considered newly discovered evidence but is merely newly discovered issue of law." *Id*. (citing *United States v. Shelton*, 459 F.2d 1005, 1006–07 (9th Cir. 1972)).

Defendant's "new evidence" is a presentation showing that it is possible for a third party to have performed a set of actions that might have led to the presence of child pornography on defendant's computer. Defendant provides no actual new evidence that this occurred – he simply reiterates the discrepancies his expert previously alleged at trial as the basis for his theory. The presentation, then, is simply a new theory explaining those facts already made available to and considered by the jury.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

Defendant's motion for a new trial [Doc. 62] be, and the same hereby is denied.

So ordered.

s/James G. Carr
Sr. United States District Judge