UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:10 CR 00522 |
| Plaintiff, | : | JUDGE JAMES CARR |
| -vs- | : | |
| ALEX DAVID COOK, | : | |
| Defendant. | : | **SENTENCING MEMORANDUM** |

Now comes the Defendant, Alex David Cook, by and through undersigned Counsel, and hereby submits the following Sentencing Memorandum in advance of his sentencing hearing set for Monday, June 18, 2012 at 11 a.m..

/s/Elizabeth Kelley
ELIZABETH KELLEY, 0063641
13940 Cedar Rd., #285
Cleveland, OH   44118-3204
(216)410-6923
ZealousAdvocacy@aol.com

1

Introduction

Part D. Sentencing Options, Custody, of the Pre-Sentence Report (PSR) states as follows:

> 96. **Statutory Provisions, Counts 1 & 2:** The *mandatory minimum term of imprisonment for each count is five years* and the maximum is 20 years, pursuant to 18 U.S.C. Section 2252 (a)(2). (Emphasis added.)
> 97. **Statutory Provisions, Count 3:** The *maximum term of imprisonment is 10 years imprisonment*, pursuant to 18 U.S.C. Sections 2252(a)(4)(B) and (b)(2). (Emphasis added.)
> 98. **Guideline Provisions, All Counts:** Pursuant to U.S.S.G Chapter 5, Part A, based on a Total Offense Level of 35 and Criminal History Category I, the guideline range of imprisonment is 168-210 months. [14-17 ½ years]. However, Count 3 has a maximum allowable statutory imprisonment term of 120 months. [10 years].

For reasons which shall be enumerated below, Mr. Cook requests no more than the mandatory minimum of sentence of five years.

Argument

18 U.S.C. Section 3553(a) states as follows:

> The court shall imposed a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>         (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United Sates Code, subject to any

        amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28; and (ii) that, except as provided in section 3742(g) [18 USCS Section 3742(g)], are in effect on the date the defendant is sentenced; or ...

(5) any pertinent policy statement –

    (A) issued by the Sentencing Commission pursuant to section 994(A)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments issued under section 994(p) of title 28); and (B) that, except as provided in section 3742(g) [18 USCS Section 3742(g)], is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense. (Emphasis added.)

Following the United States Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Sentencing Guidelines became only one of several factors to consider when determining a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in Section 3553(a)(2).

This Memorandum will discuss the factors in Section 3553(a) which are most relevant to Mr. Cook, namely "the history and characteristics of the defendant, "and "the need" "to protect the public from further crimes of the defendant."

### *The History and Characteristics of the Defendant*

Having presided over Mr. Cook's trial, this Court is intimately familiar with Mr. Cook.  Mr. Cook is a young man from Knox County, Ohio with no criminal record.  He graduated from high school with the help of special education classes.  He was a Boy Scout and achieved the level of Eagle.  He comes from an intact, loving family.  Every day in the courtroom during his trial, family and friends were on hand to show support.  Many testified on his behalf: his minister, his scoutmaster, his teachers, and his father.

*Twenty-three* letters of support from family and friends are attached to this Memorandum.  They all speak eloquently to Mr. Cook's good character.

Mr. Cook and all associated with him respect the Court, as well as the jury's verdict.  Therefore, the Court should not take umbrage at their assertions of his innocence.  Similarly, neither Mr. Cook nor anyone associated with him condones the vile images which were found on his computer.  Indeed, all these expressions of support argue for minimum rather than maximum punishment.

### *The Need to Protect the Public From Further Crimes of the Defendant*

At trial, Dr. Wayne Graves testified on Mr. Cook's behalf.  In particular, when asked if Mr. Cook indicated any interest in any people outside his age group, he said no.

> Q. Was there an opportunity for Alex to discuss any supposed interest in child pornography?
> A. Yes....
> Q. And did he in fact discuss any interest in child pornography?
> A. He denied interest in child pornography.  And there were a number of questions specifically addressing enter [sic] interest in children as sex objects.  Interest in children – arousal around children, arousal around pictures of children, arousal around forms of sexual – of sexualized pictures with teenagers, young teenagers.
> Q. And he denied any interest in that?
> A. He generally denied an interest in anything other than people who [were] within about three or four years of his age.  Trans., September 7, 2012, pp. 12-13.

Additionally, as the PSR notes, Knox County Children's Services reported that Mr. Cook had never had never had any contact with their agency.  *See* Paragraph 60.

### *The Guidelines as applied in this Case are Excessive*

A Guideline Sentence of between 168 and 210 months [14 -17 ½ years] would not be appropriate for Mr. Cook.  His Criminal History is I, that is, he has no prior record - only traffic citations.  However, what inflates the calculations are the 2G2.2

4

enhancements which can apply to virtually every child pornography case, such as depiction of a prepubescent minor and use of a computer as part of the offense.  *See* PSR, Paragraphs 44 and 47.  Because of this, in Mr. Cook's case, a Guideline Sentence would approach the statutory maximum of 20 years on Counts 1 and 2, and exceed the statutory maximum of 10 years on Count 3.  Indeed, a Guideline Sentence would exceed the average sentence of someone convicted of a violent crime in state court in Ohio.

### *A Variance would be Appropriate for a Guideline Sentence*

The 3553(a) factors as applied to Mr. Cook are compelling.  *Infra*.  Indeed, the lengthier the sentence, the more he becomes vulnerable to abuse in prison, and the more difficult is becomes for him to hide the reason why he is incarcerated.  Moreover, it makes no sense to expose a young man like Mr. Cook to a disproportionately large sentence when he poses little, if any, danger to the community.

For the foregoing reasons, Mr. Cook requests that this Court be merciful and allow him to return to his family and his community as soon as possible.

Respectfully submitted,

/s/Elizabeth Kelley
ELIZABETH KELLEY

SERVICE

I certify that on June 13, 2012, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Elizabeth Kelley
ELIZABETH KELLEY

5