UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA**

           Plaintiff,

vs.

**ALEX DAVID COOK**

           Defendant.

Case No. 3:10 CR 00522

Honorable James G Carr

## **DECLARATION OF MARK T. VASSEL**

I, Mark T. Vassel, make the following declaration pursuant to 28 USC 1746:

1.    I have personal knowledge of the facts stated in this declaration and will so testify, if called upon to do so, at a hearing or trial.

2.    Since September 2001, I have been the President, CEO, and Chief Forensic Expert of Midwest Data Group, LLC, located in Berea, Ohio. A representative of the Cook family recently contacted me and requested that I review the computer forensic work performed by the government in the above-entitled case.

3.    Prior to founding Midwest Data Group, I served for approximately nine years as a law enforcement officer on the Computer Crimes Unit of the Olmsted Township Police Department in Ohio. Before that, I was a law enforcement officer for the Wakeman Village Police Department, also in Ohio. I received Distinguished Service Awards from both Departments.

4.    Over the years, I have received extensive, specialized computer-forensics training, including several advanced computer-forensics courses from the Ohio Peace Officers Training Academy. I have also received specific training in EnCase analysis and reporting, the forensics program utilized by the government's investigators in this case. Among my professional memberships, I am currently a member of the Institute of Computer Forensic Professionals. I have testified approximately 112 times in both federal and state courts as an expert in computer forensics.

5.    On or about August 19th, 2011 I was retained by Alex Cook. I was provided materials which included reports and other electronically stored information identified as being work product from Mr. Wayne Marney's prior forensic examination.

6. On August 24th, 2011 I traveled to Toledo, Ohio to review the items seized as the result of a search warrant. The seized items included an Attache USB thumb drive, 256MB flash card, HP Laptop computer, Xbox 360, iPod, six (6) compact flash cards, 128MB Ritz digital film, two (2) Nikon memory cards, Lexar thumb drive and a Scandisk 512MB ultra card.

7. On August 25th, 2011 I drafted a report of findings in order to comply with the discovery demands of the government.

8. Due to the importance of date and time stamps found on the computer seized from Mr. Cook's residence, it was striking to me that nowhere in either the report of Mr. Marney or Officer David Morford, was there an indication of any attempt to confirm the accuracy of those time stamps or if in fact the defendant was the user who had access and control of the computer. It appeared to me from the materials that I reviewed that both the government and the prior defense expert simply *assumed* the time-stamp accuracy and Mr. Cook was the user at the time in which images of minors was downloaded, but that assumption is not a justifiable one.

9. Although the government successfully prosecuted Mr. Cook for downloading of child pornography in this case based on testimony of Officer Morford; through his conclusion that the images appear on their face to link the downloading with his nearly contemporaneous, apparent usage of the computer, in the absence of confirmation of the accuracy of the date and time stamp along with the potential use of the computer by another individual, that is, in my professional opinion, an unreliable foundation upon which to premise a criminal prosecution.

10. Officer Morford's testimony and report contained omissions that struck me was the absence in which a forensic search was conducted to determine whether anyone other than Mr. Cook used the computer at issue. This can be done in several ways, including a search for online banking records, emails, social media, documents and viruses. If I'm afforded additional access to the image of the hard drive, I would be able to determine whether, indeed, there was evidence of the computer's use by other individuals and, if so, when that usage occurred.

11. It is not too late to determine whether the government's case rested on a minimally reliable factual foundation. If I'm afforded access to the mirror image of the hard drive, I would be able to determine whether the date and time stamps accurately reflected the correct dates and times of the computer activity which purportedly reflected Alex Cook's use of the computer; or if someone else is in fact responsible for the downloading of this material.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, belief, and ability. Executed this 14 day of June, 2012, in Berea, Ohio.

                                                    Mark T. Vassel