In the
## UNITED STATES DISTRICT COURT
for the Northern District of Ohio
Western Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No.  3:10 CR 522 |
| | : | |
| v. | : | District Judge James G. Carr |
| | : | |
| ALEX DAVID COOK, | : | MEMORANDUM |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM IN OPPOSITION
TO DEFENDANT ALEX DAVID COOK'S MOTION TO INSPECT COMPUTER**

Defendant Alex David Cook asks the Court for a post-trial discovery order allowing him to re-inspect his laptop computer.  But "[n]o legal authority requires or authorizes [the] post-trial discovery" Cook requests.  *United States v. Sypher*, No. 3:09 CR 85, 2011 WL 579156, at *5 (W.D. Ky. Feb. 9. 2011).  Post-trial discovery may be appropriate when it relates to a plausible Rule 33 new-trial motion.  Cf. *United States v Collins*, 859 F.2d 153 (Table), 1988 WL 98353 (6th Cir. 1988).  In those situations, added discovery or an evidentiary hearing may help.

Here, however, the Court has already denied Cook's new trial motion, Order (Doc. #70), a motion that offered no new evidence and no reasons to believe there could be new evidence with further proceedings.  His post-trial discovery motion to inspect his computer offers even less than the new-trial motion—it essentially asks the Court to let him examine the computer again, and he will come up with something new this time.

If allowed to examine the computer, Cook no doubt will come up with something—as his

expert candidly admits, "It is not too late to determine whether the government's case rested on a minimally reliable factual foundation." Motion to Inspect Computer (Doc. #72), Declaration of Mark T. Vassel, ¶ 11. In light of his steadfast refusal to accept the jury's verdict, one can assume it will *never* be too late in Cook's view. But at this stage, what purpose could the inspection serve? It would result in another new-trial motion based on new theories, allegedly supported by the "new evidence" from the re-inspection (which would be the fourth inspection of the case). Having now filed a notice of appeal, however, Cook cannot succeed on a new new-trial motion without more litigation, more delay, and a remand from the court of appeals. See *United States v. Blanton*, 697 F.2d 146, 148 (6th Cir. 1982).

As with the first new-trial motion, there is no reason to believe that any further computer examination will result in genuinely "new evidence" that could not have been discovered prior to trial, a point Cook's expert seems to concede by claiming that things he saw (or at least should have seen) at the time of his pre-trial examination are what now lead him to believe post-trial examination is in order. Motion to Inspect Computer, (Doc. #72), Declaration of Mark T. Vassel, ¶ 8; see also *United States v. Seago*, 930 F.2d 482, 488–90 (6th Cir. 1991) (Failure to identify evidence available at trial does not result in newly discovered evidence under Fed.R.Crim. 33(b)). And even if something legitimately "new" comes up, Cook offers little reason to believe it could change the verdict, particularly in light of the overwhelming evidence offered against him at trial. *Id.* at 488 (new trial warranted only when new "evidence would likely produce [an] acquittal").

Accordingly, the Court should deny Cook's motion.

Respectfully submitted,

Steven M. Dettelbach
United States Attorney

 s/ Gene Crawford
Thomas O. Secor
Assistant United States Attorney

Gene Crawford
Assistant United States Attorney

United States Attorney's Office
Four SeaGate, Suite 308
Toledo, Ohio 43604
Phone: (419) 259-6376
Fax:    (419) 259-6360
gene.crawford@usdoj.gov

## CERTIFICATE OF SERVICE

On July 2, 2012 the foregoing document was filed electronically with the Court's CM/ECF system, which will send electronic notification to all counsel of record

 s/ Gene Crawford
Gene Crawford
Assistant United States Attorney