In the
## UNITED STATES DISTRICT COURT
for the Northern District of Ohio
Western Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No.  3:10 CR 522 |
| | : | |
| v. | : | District Judge James G. Carr |
| | : | |
| ALEX DAVID COOK, | : | MEMORANDUM |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM IN OPPOSITION
TO DEFENDANT ALEX DAVID COOK'S MOTION
FOR RELEASE PENDING APPEAL**

Defendant Alex David Cook's motion for release pending appeal asks the Court to find that Cook's forthcoming appeal will raise substantial questions of law or fact likely to result in a reversal of his conviction or a new trial.  See 18 U.S.C. § 3143(b).  It does not, and the Court should deny Cook's motion.

In order to meet the standard for release pending appeal, the defendant's alleged "substantial question of law or fact" under 18 U.S.C. § 3143(b) must present "a close question or one that could go either way."  *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quotation marks omitted).  The question must be so integral to the conviction that an appellate court will likely reverse the conviction or remand for a new trial if it finds for the defendant.  *Id.* at 1182.

To meet that standard, a defendant must actually make an argument.  Cook's case is similar in that regard to *United States v. Panyard*, No. 07-20037, 2009 WL 1506669, at *3 (E.D. Mich. May 28, 2009), in which the District Court rejected release pending appeal where the

motion merely indicated that a statement the defendant made during the execution of a search warrant "may be an issue on appeal." The Court specifically rejected the motion because the defendant's "vague assertions" did not satisfy his burden to show that an appeal would present a substantial question of law or fact. *Id*.

In this case, as in *Panyard*, Cook merely identifies a potential issue on appeal, yet gives no reason why that issue is a substantial issue of law or fact likely to lead to reversal or a new trial. Cook claims that the Court's denial of a continuance counts, but then says nothing to substantiate the claim. Cook has done nothing more than identify an issue on appeal. He needs to do much more considering 18 U.S.C. § 3143(b) requires his detention unless Cook's appeal raises a "substantial" question "likely to result in reversal." Like in *Panyard*, Cook's motion is based on vague assertions of what "may be an issue on appeal," 2009 WL 1506669, at *3, and that is not enough.

The Court should deny the motion.

                                           Respectfully submitted,

                                           Steven M. Dettelbach
                                           United States Attorney

                                           s/ Gene Crawford
                                           Thomas O. Secor
                                           Assistant United States Attorney

                                           Gene Crawford
                                           Assistant United States Attorney

                                           United States Attorney's Office
                                           Four SeaGate, Suite 308
                                           Toledo, Ohio 43604
                                           Phone: (419) 259-6376
                                           Fax:   (419) 259-6360
                                           gene.crawford@usdoj.gov

## CERTIFICATE OF SERVICE

On July 2, 2012 the foregoing document was filed electronically with the Court's CM/ECF system, which will send electronic notification to all counsel of record

 s/ Gene Crawford
Gene Crawford
Assistant United States Attorney