UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:10 CR 00522 |
| Plaintiff, | : | JUDGE JAMES G. CARR |
| -vs- | : | |
| ALEX DAVID COOK, | : | **REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S** |
| Defendant. | : | **MOTION FOR APPELLATE BOND** |

Now comes the Defendant, Alex David Cook, by and through undersigned Counsel, and makes the following Reply to the Government's Response to his Motion for an Appellate Bond.

In its Response, the Government essentially concedes that Mr. Cook is unlikely to flee the jurisdiction or pose a danger to the community. Indeed, shortly after the Court imposed sentence, it granted his motion to relax the terms of his pre-trial release.

However, the Government argues that Mr. Cook fails to raise a substantial question of law or fact which would likely result in a different outcome. Notwithstanding that 18 U.S.C. Section 3143(b)(1) places a large burden on the moving party and in effect forces him to predict the assignments of error on appeal (especially cumbersome when undersigned Counsel will not be representing Mr. Cook on appeal) as well as a favorable decision of the Court of Appeals, Mr. Cook does meet the statute's requirements.

Mr. Cook states in his Motion that on appeal, new Counsel will likely argue that the trial court erred in not granting her Motion to Continue Trial. A review of the Motion will show that Mr. Cook did more than make a "vague assertion." Furthermore, this

issue was raised in greater detail in Defendant's Motion for New Trial and in the Motion to Reinspect the Computer.  Counsel chose not to belabor the point in the Motion for Appellate Bond.  And for obvious reason, she did not want to go into detail about how the trial court, in her humble yet respectful opinion, had erred.  Moreover, a Motion for Appellate Bond is not the place to brief an issue.  Still, a review of the caselaw in this area shows that this will be a viable claim and undersigned Counsel believes Appellate Counsel will pursue this issue with great force.

      A second issue was raised by the Court itself at Sentencing; it stated that the failure of the FBI to record Mr. Cook's alleged confession might be raised on appeal.  In light of strong remarks made by federal judges throughout the country on the necessity of recording interrogations, it is likely that the Sixth Circuit is willing to give guidance on this issue.  *See* Thomas P. Sullivan, "A Compendium of State and Federal Statutes, Court Rulings, Departmental Practices, National Organizations' Policy Statements, and Law Review Articles Regarding Electronic Recording of Custodial Interviews of Felony Suspects," (Part 3, Federal Investigative Agencies), Judicature, March/April 2012. http://www.ajs.org/ajs/publications/Judicature_PDFs/955/ajs_955_compendium.asp.

      Based on the foregoing, Alex Cook respectfully submits that he has demonstrated, by clear and convincing evidence, that he is unlikely to flee or pose a danger to the safety of any other person or the community; that the forthcoming appeal will not be for the purpose of delay, and will raise a substantial question of law and fact that is likely to result in a reversal or new trial.  Therefore, he prays that this Court release him pending the appeal in this case.

    /s/Elizabeth Kelley  
    ELIZABETH KELLEY, 0063641

>13940 Cedar Rd., #285
>Cleveland, OH   44118-3204
>(216)410-6923
>ZealousAdvocacy@aol.com

## SERVICE

I certify that on July 11, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>/s/Elizabeth Kelley
>ELIZABETH KELLEY