**IN THE UNITED STATES DISTRICT COUR
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,            Case No.: 3:10CR522

    Plaintiff,

    v.                              **ORDER**

Alex David Cook,

    Defendant.

Pending in this criminal case are post-trial motions: 1) to appoint attorney Jefrrey D. Gamso, Esq. as appellate counsel (Doc. 81); 2) to inspect his computer, now in the custody of the Toledo Police Department (Doc. 72); and 3) for release pending appeal. (Doc. 73).

The motion to appoint Mr. Gamso shall be granted. I deny the other two motions.

I agree with the government that the defendant has not met the high standard for release pending appeal. The principal issue in this case, whether I allowed enough time for retained counsel to prepare for trial, does not, in my view, present, as 18 U.S.C. § 3143(b) requires, "a close question or one that could go either way."

Successor counsel replaced the Federal Public Defender, who had represented the defendant from the date of his initial appearance, November 12, 2010, until the filing of successor counsel's appearance on August 2, 2011. Two days later, during a telephone conference, I stated I would grant the substitution of counsel. I denied, however, the request of successor counsel for a continuance of the September 6, 2011, trial date.

Trial counsel, in other words, had a little more than four weeks to prepare for trial. There was but a single disputed and dispositive issue: namely, whether the defendant or his roommate was responsible for downloading the material at issue onto the defendant's computer and its retention there.

The defendant testified unequivocally that his roommate had access to his computer. The roommate denied having such access. The jury believed the roommate and did not believe the defendant.

Post-trial, the defendant unsuccessfully sought to inspect the computer. The gravamen of that first post-trial motion to inspect, as it is in the pending motion for the same opportunity, was that given more time and opportunity, his computer expert might find evidence that some outside third party could have or did surreptitiously penetrate the defendant's computer and downloaded the child pornography.

In addition to the reasons stated in my original order denying that request, it is also apparent that discovery of such possibility, even if it occurred, would not affect the outcome of this case. The simple fact is that the defendant sought to pin the proverbial tail on his roommate.

This is a different scenario from the defendant offering (as he now would like to, if further inspection of the computer were to provide a basis for doing so) the possibility of surreptitious third party penetration and pointing to the roommate as one who might have been responsible for such penetration. But that is neither what the defendant claimed at trial, nor what the jury disbelieved: that the roommate, to the defendant's knowledge (and apparent acquiescence), had direct access to the computer.

The presently proposed version differs entirely from that which the defendant offered under oath.

Thus, I overrule the latest motion for leave to inspect the computer: it simply could not lead to evidence that, had it been known, would have led to acquittal.

For that reason, I also find that the appeal, as I understand the principal issue – lack of adequate time to prepare – does not give rise to an issue that "could go either way." This case involved disputed testimony as to the crucial issue which the defendant advanced: the likelihood that his roommate, not he, downloaded the offending material. To be sure, there was an overlay of evidence about the computer, but the principal issue for the jury to decide was whether to believe the defendant or the roommate. Its determination is, I believe, likely to withstand appellate review.

In light of the foregoing, it is hereby

ORDERED THAT:

1. Jeffrey D. Gamso, Esq., be, and he hereby is appointed as the defendant's appellate counsel;

2. Motion for leave to inspect computer (Doc. 72) be, and the same hereby is denied; and

3. Motion for release pending appeal (Doc. 73) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge