FILED

2016 JUN 15  PM 12: 15

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

COMPLETED & FWD USPS FCM POSTAGE PREPAID THIS DATE USPS
BY MAILING TO THE COURT AND U.S. ATTORNEY ON/BEFORE 6/26/16*

BEFORE THE UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,
           Plaintiff

V.

(Name:) Alex D. Cook

(Address:) FCI Elkton PO Box 10
Lisbon OH 44432
           Defendant-Movant

Criminal Case No.: _____

3:10cr522-001
Judge James G. Carr

****************************************************************

LETTER-MOTION FOR REDUCTION/MODIFICATION OF SUPERVISED
RELEASE TERMS & SENTENCE FOR GOOD CAUSE
[See Principles in 18 USC 3582(c)(1)(A)(i), 3582(c)(2), 3553(a),
3585(b), FRCrimP 45(b)(1)(B), Setser, S.Ct. (2012), Johnson, S.Ct.
(2015), Welch, S.Ct.(2016), 28 USC 2072(b), and 42 USC 1988]

****************************************************************

Dear Honorable U.S. DISTRICT Court:

    Sir, comes now the above named Defendant-Movant in the matter stated, Pro Se, and asks that the Court consider any and all matters which have occurred subsequently to his sentencing initially or which have been overlooked, or which the USSG Guidelines amendments and changes in laws subsequently may have created "wiggle-room" for the court to impose lesser and more appropriate specific sentence which is sufficient but not more than what is required to meet the purposes of punishment under the relevant laws.

I. BACKGROUND.

    I am sentenced and currently in federal prison at the institution indicated on the envelope in which this submission is presented. The full sentence imposed is as reflected on BOP.gov and in this Courts chambers and Clerk database in the docket information sheet to the extent that no mistakes have been made or noticed presently other than those stated herein.

II. AS TO SUPERVISED RELEASE TERMS.

    All above is incorporated herein by reference as if set forth fully herein below at length.

    To the extent that SUPERVISED RELEASE terms have been imposed upon me, they may be challenged at any time, and I hereby would ask that this court review the harshness and broad sweeping nature of the ones imposed upon me and note that they are general and vague, not tailored to me, and that the court could have imposed 0 supervised release had it chosen to but instead, without cause that I can see, imposed the maximum supervised release sentence possible under the law.

    18 USC 3583(a) states that the court "may" impose supervised release, nothing says that the Court "must" impose a certain length and it suggests that individual offender characteristics should be the guiding light in what is imposed and the length of time imposed ultimately. The terms used for me, and the length imposed, is a boilerplate edition of the supervised release provisions not tailored to me at all. And, in the past it is rumored among many in the law enforcement community and justice

reform circles that the supervised release terms are abused often and misapplied as having been overly harsh in the first place and that often it serves no other real purpose besides extending the period of time that the individual is subject to interference and interposition from the government exposing them to violations that are technical and not really violations at all.  Surely this court is concerned with fairness and justice.

I would thusly ask that my supervised release term be reheard, reviewed anew, and reduced to 1 year to be discharged as nunc pro tunc not imposed at all ab initio upon successful completion of that 1 year supervised release and/or upon completion of supervised release.  A part of the purpose of a sentence, that is a residual benefit for an offender, is during the service thereof the time lapses from when the offender broke the law and thusly prejudices, opinions, disabilities, and some adverse effects actually abate.  However, supervised release has been being increasingly used as a manner of renewing the very adverse effects that the sentence of imprisonment often smoothes over over time.  It is often as if the crime was committed the day of release to supervised release, and in the future for every purpose it is treated that way.  This is patently unfair and unjust, and it is not believed to be the implied purpose of imposition of supervised release but it seems to be here where there is no specificity or particularity.  Surely that is not intended and has occurred by mere oversight and the court and parties being overly concerned with other more pressing matters when imposing boilerplate harsh and lengthy unspecific untailored terms.

III. UNCREDITED PRETRIAL TIME NOT CREDITED TO ANY OTHER SENTENCE TO DATE.

All above is incorporated herein by reference as if set forth more fully herein at length below.

In light of amendments to U.S.S.G. 5G1.3, See USSG Amendments 782, 787, and 789, empowering district Courts to set sentences to reflect time that a Defendant has spent in "any custody whatever" that the BOP cannot, or has not, or will not, credit to a sentence of confinement Movant named above and herein below so moves hereby.

To the extent any Pretrial Detention under Enlarged conditions - whether on bond, ankle monitor, personal recognizance with or without conditions besides reporting and not leaving the state, 24 hour house arrest or any house arrest, County or any other facility (state or local) detention not credited, or halfway house lockdown - was applied to me but was not ever counted against my BOP sentence currently by way of DSCC (BOP Designation and Sentence Computation Center) most recent calculations I would ask at this time that the Court take such steps to apply nunc pro tunc Redesignation.  If it has not been applied to any other sentence, and if it applies it has not been, then I am entitled to it and the Court may grant it according to the authority stated by Supreme Court in Setser, S.Ct. 2012 wherein the Court stated that 3582(c)(1)(A)(i) carries ample authority for courts to correct and reduce a sentence for non-medical non-extraordinary reasons which arise subsequent to sentencing that the Court did not or could not take into consideration at the time due to lack of knowledge, changes after the fact, and the like.

I would ask that the Court review these things, and apply to me via Rehearing, nunc pro tunc designation, and other means as it might find useful and warranted under the totality of the circumstances, all such REDUCTION to reflect the credit of this time not credited but due to date.  See USSG 5G1.3, Amd. 787, and 789 (also mentioned in 782 to the extent such may apply under my circumstances - which arguably it may not presently).  See also 18 USC 3585(b).

IV. GUIDELINES AMBIGUITY, RELEVANT CONDUCT APPLIED TO INCREASE PUNISHMENT, AND ANY 924(c) or 2 POINT INCREASE.

All above is incorporated herein by reference as if set forth more fully herein at length below.

In U.S. v. Pawlak, No. 15-3566 (6th Cir. May 13, 2016) the 6th circuit joined its sister circuits and a majority of circuits in stating that, and in the view that, "...because the legal landscape interpreting the guidelines has changed considerably [in light of the U.S. Supreme Courts holding as to the Residual clause in Johnson V. United States, 135 S.Ct.. 2551 (2015)], the courts prior decisions shielding the guidelines from vagueness challenges are no longer consistent with Supreme Court precedent".

In light of this, and in light of the Rule of Lenity otherwise applied in criminal cases, per Johnson, S.Ct. and the subsequent Welch, S.Ct. decision making the same rule against ambiguity in residual and residual type clauses assailable as leading to invalid and illegal sentencing subject to reductions and review for such ambiguity, I would ask that my case be reviewed for the following ambiguity causing factors and that it be adjusted accordingly as based in impermissibly vague statutory construction and/or language creating an illegal or "improper" outcome:

(a) Any 18 USC 924(c), 924(e), or 2 point gun enhancement added under circumstances wherein I did not - if this applies to me - fit squarely into the category of persons to whom the law was specifically and expressly in its words intended to apply to by specificity in description and a clear fit between my conduct and the law;

(b) Any Sentencing Guideline based enhancement or calculation factor of any kind - if applicable to me - wherein I was increased in punishment for ambiguous priors which may not fit the exact definition of the predicate statutory language, wherein I was increased in punishment for anything deemed to be "relevant conduct" which conduct is not specifically named in its character word by word with specificity and exactness in any statute, and any sentencing guidelines calculations factors that increased me beyond an otherwise applicable statutory minimum of the lowest degree based on language and prescriptions which are ambiguous and take artful construction to apply to my exact circumstances and situation; and

(c) Any situation where conduct was alluded to in its nature or severity but which could not by facts be concretely nailed down such as to fit squarely into any specific category of prohibited acts or conduct such that there could be considered to be ambiguity and a "reaching" to make a fit between the laws wording and the actions, errors, omissions, or misconduct alleged against me in my case.

And I would ask that the sentence be modified and reduced, or found subject to modification and reduction, accordingly and in accord with the rule of lenity and a policy disagreement with the guidelines and the supreme court guidance offered in Johnson, S.Ct. and Welch, S.Ct. which policies stated by the Supreme Court have been being applied to a whole panoply of case types and situations across the spectrum with all of them only having in common ambiguity implicated in Johnson, S.Ct. and effects that "reaching" is occurring where nobody has been able - due to that ambiguity - to say with any degree of certainty when a set of circumstances drags a citizen into the gamut of what the law or sentencing prescription punishes and when it does not. The guess work of the prosecutors is a slippery slope which has been shown and proven to cut against rather than for the Defendant all in contravention of the rule of lenity - precedent which the Defendant has every right in a criminal prosecution and sentencing to rely upon to work in his favor.

V. CONCLUSION.

For the reasons set forth herein, and those Sua Sponte noted by the court:

WHEREFORE, REHEAR, REVIEW, and AMEND by reducing the instant SUPERVISED RELEASE TERM or MODIFYING IT as asked, by making any adjustments and reductions to the instant sentence altitude by addressing the issue of time that I spent in custody of any kind including enlarged condition detention of any variety whatever described herein which have not been credited to any sentence to date and because 15% off the sentence number imposed was promised by this Judge of this Court but not afforded to Defendant to date, and to remove any enhancement, relevant conduct, or other provisions which increased time based on ambiguity in violation of principles now announced in Johnson, S.Ct. and Welch, S.Ct. in line with the Rule of Lenity requiring ambiguities to be construed in the light most favorable to the Defendant, And Grant all such other appropriate relief deemed warranted by this Honorable Court in favor of Defendant and his cause(s) for relief herein. Referral to the PD Office for handling with its Johnson, S.Ct. caseload is amenable but expediting and hearing is asked in the interests of justice.

As Movant comes deprived and divested - possibly - of rights which ministerial observation is due upon akin to those vindicated under 42 USC 1988 et. seq. & state common law while he has no intention of filing any civil action or civil like action besides this submission for corrective measures Movant would ask to be afforded the discretion and privacy afforded and accorded all victims of offenses divesting them of property, rights, or liberty interests.

Respectfully Presented sworn per 28 USC 1746.

/s/x_____[L.S.]
Your name:
Your Address:

[Courtesy of http://www.timecreditlifeline.info]
[Help?Email: help@timecreditlifeline.info]
[*Free For Private Pro Se/self-help Uses and for obtaining counsel; commercial use for profit: contact authorized user TCL for terms, conditions, &/or with other inquiries via email; acceptance/use by user i