IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Alex David Cook, *pro se*, | ) Case No.: 3:10-CR-522 |
| | )          (3:16-CV-01481) |
|       Defendant-Petitioner, | ) |
| | ) Judge James G. Carr |
| v. | ) |
| | ) RESPONSE IN OPPOSITION TO MOTIONS |
| United States of America, | ) FOR REDUCTION OR MODIFICATION OF |
| | ) <u>SUPERVISED RELEASE AND SENTENCE</u> |
|       Plaintiff-Respondent. | ) |

On May 27, 2014, Petitioner Alex David Cook filed a motion for reduction or modification of his supervised release terms and sentence, citing 18 U.S.C. § 3582(c)(1)(A)(i), § 3582(c)(2), § 3553(a), § 3585(b), and Federal Rule of Criminal Procedure 45(b)(1). He also cited <u>Setser</u>, <u>Johnson</u>, and <u>Welch</u>, as well as 28 U.S.C. § 2072(b) and 42 U.S.C. § 1988. The Clerk's Office docketed the pleading as a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. (R. 106: § 2255 Motion to Vacate, PageID 1185-87; <u>see</u> <u>also</u> Civil Case No. 3:16-CV-1481).

On July 11, 2016, Cook filed a motion under 18 U.S.C. § 3585, for credit for time spent in detention under the U.S. Marshal's pretrial services. (R. 107: Motion to Set Aside Sentence, PageID 1188). On July 25, 2016, the Court ordered the government to show cause as to the second pleading. (R. 109: Order, PageID 1190). The government responds to both pleadings.

Statement of the Case

On December 8, 2010, a grand jury in Toledo, Ohio indicted Alex David Cook on one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). (R. 5: Indict-

ment, PageID 22). The government later obtained a superseding indictment containing three counts: receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts 1 and 2), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 3). (R. 15: Superseding Indictment, PageID 41–42). Cook pleaded not guilty to all charges in the superseding indictment.

Trial commenced on September 6, 2011, and concluded on September 9, 2011, with the jury returning a guilty verdict on all counts. (R. 49: Jury Verdict, PageID 276). As described in Cook's revised presentence report ["PSR"] dated January 27, 2012, the mandatory minimum term for Counts 1 and 2 was five years and the maximum term was 20 years under 18 U.S.C. § 2252(a)(2). Count 3 had no mandatory minimum, and a maximum term of 10 years, under 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (PSR ¶ 96, 97). Cook's Guideline range, based on a Total Offense Level of 35 and Criminal History Category I, was 168 to 210 months. (PSR ¶ 98). However, Count 3 had a maximum allowable statutory imprisonment term of 120 months.

On June 18, 2012, Cook was sentenced to 72 months imprisonment (R. 75: Judgment, PageID 992), a 57% downward variance from the low end of the 168 to 210 months guideline range. (R. 78: 6/18/12 Sentencing Tr., PageID 1005). Cook was also ordered to serve a 10-year term of supervised release each for Counts 1, 2, and 3, all to be served concurrently. (R. 75: Jmt, PageID 992; R. 78: Sent. Transcript, PageID 1029).

Cook filed a direct appeal on July 2, 2012. (R. 84: Notice of Appeal, PageID 1049). The Sixth Circuit affirmed the District Court's decision on July 30, 2013. See United States v. Cook, No. 12-3827 (6th Cir., July 30, 2013) (unpublished).

Nearly three years later, on June 15, 2016, Cook filed a *pro se* motion for reduction or modification of his supervised release terms and sentence, citing 18 U.S.C. § 3582(c)(1)(A)(i),

§ 3582(c)(2), § 3553(a), § 3585(b), and Federal Rule of Criminal Procedure 45(b)(1)(B).[1]  He also cited Setser, Johnson, and Welch, as well as 28 U.S.C. § 2072(b) and 42 U.S.C. § 1988.  Although the pleading does *not* specifically mention 28 U.S.C. § 2255, the Clerk's Office docketed it as a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255.  (R. 106: § 2255 Motion to Vacate, PageID 1185-87; see also Civil Case No. 3:16-CV-1481).

On July 11, 2016, Cook also filed a motion under 18 U.S.C. § 3585, for credit for time spent in detention under the U.S. Marshal's pretrial services.  (R. 107: Motion to Set Aside Sentence, PageID 1188).  On July 25, 2016, the Court ordered the government to show cause as to the second pleading.  (R. 109: Order, PageID 1190).

## Statement of the Law

To obtain relief under 28 U.S.C. § 2255 from a sentence on the basis of a nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  Reed v. Farley, 512 U.S. 339, 353 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993).  Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors result in something akin to a denial of due process.  Grant v. United States, 72 F.3d 503 (6th Cir. 1996).

To obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

---

[1] F.R.Crim.P. 45(b)(1)(B) states that a court may extend the time in which an act must or may be done after the specified time period expires, if the party failed to act because of excusable neglect.

Claims that could have been raised in a direct appeal but were not, are barred from further review. These claims are reviewed only upon a showing of cause and prejudice for failing to raise them. United States v. Frady, 456 U.S. 152, 159 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984).

In a petition for collateral review pursuant to § 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. McNeil v. United States, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999). The petitioner has the burden of sustaining his contentions by a preponderance of the evidence. Id.

## Discussion

1. Cook's Instant Motion Should Not Be Construed as a 28 U.S.C. § 2255 Motion to Vacate Sentence.

As an initial matter, the government suggests that Cook's "Motion for Reduction/Modification of Supervised Release and Sentence" (R. 106) *not* be construed as a 28 U.S.C. § 2255 motion to vacate, correct, or set aside a sentence. First, the motion appears to be a boiler-plate form that prisoners submit, with the only personalization being blank lines to fill in their name, address, and case number. Indeed, another prisoner from FCI Elkton has submitted the identical form to the District Court in a different case, with the only change being his name and case number.[2] Second, the form cites multiple U.S. Code sections, a Federal Rule of Criminal Procedure, and three U.S. Supreme Court cases, in what may be described as an everything-but-the-kitchen-sink approach. Yet, no reference is made to 28 U.S.C. § 2255.

On the other hand, the filing deadline written at the top of the form is the same deadline

---

[2] See Graves v. United States, Doc. 1, Case No. 3:16-cv-01549-JZ.

4

for which § 2255 motions citing the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), must be filed. (R. 106: Motion, PageID 1185). In addition, the three Supreme Court cases listed in the caption, Setser, Johnson, and Welch,³ are applicable in the context of a § 2255 motion to vacate sentence. (Id.). Finally, the motion contains a section discussing Johnson and its effect on ambiguity, relevant conduct applied to increase punishment, and any 18 U.S.C. § 924(c) and § 924(e) or 2-point gun enhancements. (Id., Section IV, PageID 1186-87). Nevertheless, Cook had zero criminal history points in his PSR, and his offense did not involve firearms. Accordingly, he did not have his sentence enhanced as either an armed career criminal under the Armed Career Criminal Act ("ACCA"), nor was he designated a career offender under the U.S. Sentencing Guidelines. It follows that Johnson's invalidation of the residual clause definition of "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), does not apply to Cook's case.

The concern with boiler-plate forms citing all possible statutes in a kitchen-sink approach is that a petitioner may lose the opportunity for a full adjudication of his true claims. This is particularly heightened in the AEDPA context, where the gatekeeping provisions of the § 2255 statute stringently limits a petitioner's ability to raise further issues in a subsequent action. See Adams v. United States, 155 F.3d 582, 583 (2d Cir.1998) (discussing how AEDPA's gate-keeping provisions "may result in a disastrous deprivation of a future opportunity to have a well justified grievance adjudicated" if a court converts a post-conviction motion into § 2255 motion). Therefore, courts are generally discouraged from converting filings by *pro se* litigants into 28

---

³ Setser v. United States, 132 S. Ct. 1463 (2012), held that it is within a district court's discretion to order a federal sentence to run consecutively to an anticipated state sentence. Johnson v. United States, 135 S. Ct. 2551 (2015), ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Johnson was given retroactive effect to habeas proceedings by the Court's decision in Welch v. United States, 136 S. Ct. 1257 (2016).

U.S.C. § 2255 motions without first providing them with the opportunity to withdraw or amend the motion, because such a recharacterization means that any subsequent § 2255 motion will be subjected to the restrictions on subsequent or successive § 2255 motions. Castro v. United States, 540 U.S. 375 (2003); Martin v. Perez, 319 F.3d 799, 805 (6th Cir. 2003); In re Shelton, 295 F.3d 620, 622 (6th Cir. 2002).

But Shelton also held that if the prisoner files a motion *properly denominated as a § 2255 motion*, the court may rule on its merits without taking prophylactic measures regarding mislabeled or unlabeled post-conviction motions. Id. at 622 (emphasis added). That is not the case here. The pleading does not claim to be a petition under 28 U.S.C. § 2255. For these reasons, the government asks the Court not to characterize Cook's Motion for Reduction/ Modification of Supervised Release as a § 2255 motion to correct sentence.

2. Cook's Terms of Supervised Release were Properly Imposed.

Next, Cook's motion challenges his terms of supervised release. (R. 106: Motion, PageID 1185). The Court imposed 10 years of supervised release on each of the three counts, all to be served concurrently. (R. 75: Jmt, PageID 992; R. 78: Sent. Transcript, PageID 1029). Cook's boiler-plate motion contends, ironically, that the terms are "general and vague, not tailored to me." (R. 106: Motion, PageID 1185). He further contends that "the court could have imposed zero months of supervised release had it chosen to but instead, without cause that I can see, imposed the maximum supervised release sentence possible under the law." (Id.).

In support, he cites 18 U.S.C. § 3583(a) stating that the court "may" impose supervised release, but nothing says the Court "must" impose a certain length. (Id.). Cook did not read the statute far enough. In a following subsection, the statute declares, "Notwithstanding subsection (b), the authorized term of supervised release * * * for any offense under section * * * 2252 * * * is any term of years not less than 5, or life." See 18 U.S.C. § 3583(k). Cook's PSR states, "The

6

guideline term of supervised release is at least one year but not more than three years, pursuant to U.S.S.G. § 5D1.2(a)(2) *or as required by statute whichever is greater,* pursuant to U.S.S.G. § 5Dl.2(c). Therefore, the guideline term of supervised release is not less than five years and up to a life term, pursuant to 18 U.S.C. § 3583(k)." (PSR ¶ 101) (emphasis added). Because the statute's requirement is greater than the Guideline, the Court was required to impose a term of supervised release between five years and life.

At the sentencing hearing, the government recommended "ten years of supervised release which would more or less represent the balance between a mandatory minimum and what the guideline sentence would be, assuming the Court does not impose a guideline sentence." (R. 78: Sentencing Tr., PageID 1006). The Court did not impose a guideline sentence, which calculated a sentencing range of 168 to 210 months imprisonment. However, by imposing concurrent 10-year terms of supervised release, the Court struck a balance. Cook's term of supervised release was tailored to his individual circumstances.

Based upon the foregoing, this Court should deny Cook's challenge to his terms of supervised release.

3. <u>Cook Does Not Have Any Uncredited Time in Detention</u>.

The next issue in Cook's boiler-plate motion concerns "uncredited pretrial time not credited to any other sentence to date." (R. 106: Motion, PageID 1186). This issue was also raised separately in Cook's one-page letter/motion to set aside sentence under 18 U.S.C. § 3585, filed on July 11, 2016. (R. 107: Motion to Set Aside Sentence, PageID 1188).

The calculation of a term of imprisonment is set forth in 18 U.S.C. § 3585:

> (a) <u>Commencement of sentence</u>. — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

7

> (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Cook had no other arrests or detention. Therefore, his motions challenge the time he spent in pretrial custody in the present case.

This claim should be denied for the following reasons. First, Cook was released on bond to his parents' custody at his initial appearance on November 12, 2010. (R. N/A: Minutes of 11/12/10 Initial appearance; R. 4: Appearance Bond). At his arraignment on December 20, 2010, bond was continued. (R. N/A: Minutes of 12/20/10 Arraignment). After he was sentenced and judgment was entered, Cook was allowed to self-surrender to FCI Elkton, Elkton, Ohio on September 4, 2012. (R. 93: Jmt. returned). Accordingly, during the time before his trial, after the guilty verdict, and after the judgment and commitment was entered, Cook was not confined. Commencement of his sentence began on the day he self-surrendered to the Bureau of Prisons ["BOP"] on September 4, 2012. See 18 U.S.C. § 3585(a).

Second, Cook's pre-trial bond conditions did not qualify as "official detention" under 18 U.S.C. § 3585(b). Courts have recognized that restrictions placed upon a defendant's liberty as a condition of pre-trial bond release do *not* qualify as official detention for which a defendant may garner credit. See Reno v. Koray, 515 U.S. 50, 56-62, 115 S. Ct. 2021 (1995) (holding that "the time respondent spent at the Volunteers of America community treatment center while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)."); United States v. Becak, 954 F.2d 386 (6th Cir.), cert. denied, 504 U.S.

8

945, 112 S. Ct. 2286 (1992) (finding that the term "official detention" means "in custody," thereby denying that defendant released pretrial with restrictive conditions was entitled to credit).

Cook was granted pretrial release on bond, on the condition of home detention with electronic monitoring at his parents' residence. The Supreme Court clarified in Reno that once a defendant like Petitioner is "admitted to bail, even on restrictive conditions," he is "released" and not officially detained for purposes of 18 U.S.C. § 3538(b). Reno, 515 U.S. at 51. The Court determined there is a significant distinction between defendants released on bail, and those committed to the custody of the Attorney General because detained defendants always remain subject to the control of the BOP and are subject to the BOP's disciplinary procedures, summary reassignment to another correctional facility, and complete discretion to control many conditions of confinement. Id. at 63. Accordingly, the time Cook spent released on bond pre-trial with electronic monitoring at his parents' residence, is not "official detention" for the purpose of receiving credit for pre-trial custody.

Similarly, Cook would not be entitled to credit toward his sentence for the time he spent on house arrest after his conviction but prior to reporting to prison. While release on house arrest is more restrictive than release without conditions, it is not considered "official detention." The plain meaning of the term "detention," as used in § 3585, excludes pre-trial and post-trial release subject to house arrest under circumstances where the defendant is not within the custody of the Attorney General or the United States Marshal. Wineinger v. Warden, FCI Elkton, 2013 WL 2089498, at *3 (N.D. Ohio May 14, 2013), citing Medina v. Clark, 791 F.Supp. 194, 196-97 (W.D. Tenn.1992).

The claim raised in Cook's Letter/Motion under 18 U.S.C. § 3585 for credit for time spent in "enlarged conditions detention under U.S. Marshals Pretrial Services" is that the BOP either ignored or refused to modify its stance regarding its "faulty calculations." (R. 107: Motion

to Set Aside Sentence, PageID 1188). Nevertheless, case law holds that the time a defendant spent on pre-trial release, even given the conditions of home confinement, does not qualify as time spent in detention. Accordingly, the BOP may not award Cook credit for the time he spent released on bond from the U.S. Marshal's custody, beginning from the date of his initial appearance, until the date post-judgment when Cook self-surrendered at FCI Elkton.

Because Cook does not have any uncredited time in detention, these claims raised in his boiler-plate Motion for Reduction/Modification (R. 106) and subsequent Letter/Motion to Set Aside Sentence (R. 107) should be dismissed.

## Conclusion

The government respectfully asks this Court to deny the pending motions to modify and/or set aside sentence. First, Cook's sentence was not enhanced as an armed career criminal or a career offender, and his offense did not fit within the definition of a violent felony or crime of violence. Therefore, the Supreme Court's invalidation of the ACCA's residual clause as announced in Johnson does not apply. Second, the Court was required to impose a term of supervised release of between five years to life because Cook was convicted of offenses under 18 U.S.C. § 2252. Third, Cook is not entitled to credit for time served in pre-trial dentention because he spent the entirety of the case released on bond until the date he self-surrendered to the BOP. For these reasons, the Court should deny both of the pending motions.

Respectfully submitted,

CAROLE S. RENDON
UNITED STATES ATTORNEY

/s/ Gene Crawford
Gene Crawford
Assistant United States Attorney
Reg. No. 0076280
Four Seagate, Suite 308
Toledo, Ohio 43604
(419) 259-6376 - Phone

(419) 259-6360 - Fax
Gene.Crawford@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September <u>19th</u>, 2016, the foregoing Response in Opposition to Motions for Reduction or Modification of Supervised Release and Sentence was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  In addition, a hard copy was sent by U.S. Mail this day to:

Alex David Cook, *pro se*
Reg. No. 56614-060
FCI Elkton
P.O. Box 10
Lisbon, OH  44432

 /s/Gene Crawford
Gene Crawford
Assistant United States Attorney